### TABLER, CRUDUP & CO. *v.* THALES A. MITCHELL.

1. ATTACHMENT. *Publication. Notice correct as to individuals, but incorrect as to firm.*

   Where, in a suit in attachment against individual partners as composing a specified firm, the proof of publication to them as non-residents shows that a notice directed to the defendants individually was duly published, and that a copy thereof was mailed to each of them at his post-office, such notification is sufficient, though the notice misstate the firm name of the defendants.

2. PLEADING. *Declaration. Joint and several obligation of partners averred. Admission.*

   The averment in a declaration that the defendants are indebted to the plaintiffs as partners is equivalent to averring a joint and several obligation of the defendants, and the failure of the latter to traverse such allegation admits its truth.

3. ATTACHMENT. *Judgment against garnishee. Defendant complaining thereof.*

   Under § 1440 of the Code of 1880, a defendant in a judgment in attachment has no right to complain in this court of errors in a judgment against a garnishee in such suit who does not himself appeal.

4. SAME. *Personal judgment against defendant. Effect thereof.*

   Although a judgment by default against a non-resident defendant in attachment be personal in form, it cannot affect any of his property except that attached and condemned. Section 2467, Code 1880.

APPEAL from the Circuit Court of Hancock County.

HON. S. H. TERRAL, Judge.

Thales A. Mitchell sued out an attachment against John H. Tabler, John Crudup, D. G. Crudup, and D. R. Duncan, and the affidavit, bond, and writ described them as partners composing the firm of "Tabler, Crudup & Co." The defendants were non-

residents of the State, and the proof of publication to them shows that the notice was addressed to the individual defendants as partners composing the firm of "Crudup & Co." The declaration set forth the individual names of the defendants, and described them as partners doing business under the firm-name of "Tabler, Crudup & Co.," and they having failed to appear, a judgment was rendered against them personally as individuals composing the firm of "Tabler, Crudup & Co."

The New Orleans and North Eastern Railroad Company having been summoned as a garnishee and having failed to answer, a judgment was taken against it for the amount of the judgment against the defendants.

From the judgments against them the defendants appealed.

*Ben Lane Posey* and *Eaton Bowers*, for the appellants.

1. The judgment is erroneous, because there was a fatal variance between the affidavit and writ and the published notice to defendants, the publication being against "Crudup & Co.," while the affidavit and writ and judgment are against a different partnership and party, to wit: "Tabler, Crudup & Co."

2. The judgment is erroneous because it is a general judgment in *personam* against Tabler, Crudup & Co., without personal service and by default. Such a judgment is clearly erroneous and void. This precise point is decided by *Bias* v. *Vance*, 32 Miss. (3 Geo.) 198; see also *Holman* v. *Fisher*, 49 Miss. 472; *Erwin* v. *Heath*, 50 Miss. 795.

Counsel for the appellants assigned many errors in respect to the judgment against the garnishee, but it is useless to set forth such assignments, as they are not considered by the court.

*T. S. Ford*, for the appellee.

1. As to the variance between the notice and the affidavit in regard to the style of defendants' firm, we submit that the names of the individual partners being correctly described in the notice, and a copy of the notice having been mailed to each one of the firm of Tabler, Crudup & Co., the clerical error of styling the firm "Crudup & Co." in the notice is immaterial.

2. As to the assignment that a purely personal judgment was

rendered, we desire to call the attention of the court to § 2467 of the Code of 1880, which seems to contemplate that a judgment by default shall be rendered against the defendant, with a writ of inquiry if necessary.    The judgment against appellants which appears in the record is somewhat informal, but it is accompanied with a simultaneous judgment of condemnation of the fund in the hands of the garnishee.    But it cannot in any event have the *effect* of a personal judgment, because the clerk is forbidden to issue any execution against appellants.    Construing the two judgments together, they amount to a simple condemnation of the fund in the hands of the garnishee.

3.  The New Orleans and North Eastern Railroad Company do not feel aggrieved at the judgment rendered.    They do not appeal, and have not authorized any one to appear in their behalf in this court.

COOPER, J., delivered the opinion of the court.

The objection that the publication for the non-resident defendants described them as partners under the firm-name of Crudup & Co. instead of Tabler, Crudup & Co. cannot prevail.    The suit is against the partners who composed the firm, and the names of the members, their place of residence, and post-office are correctly stated in the publication made.    This was sufficient to notify them of the pendency of the suit against them and to bind the property attached.    The averment in the declaration that the defendants were indebted to the plaintiff under a contract made by them as partners was but the equivalent of averring that the obligation was the joint and several obligation of the defendants, and by their default in traversing the allegation they admitted its truth for all the purposes of this suit.

The defendants cannot complain of any error which exists, if there be any, in the judgment against the garnishee, who does not complain.    Code of 1880, § 1440.

The judgment against the defendants, though in form a personal one, will not support an execution against their general estate.    Its operation is by the statute expressly limited to the property attached.    Code of 1880, § 2467.

*The judgment is affirmed.*