### H. M. CUDABAC *v.* J. C. STRONG, ASSIGNEE.

1. JURISDICTION. *Process. Service in another state.*

Process from the courts of this state cannot run into another state, and confer jurisdiction over a defendant there served, so as to authorize a personal judgment against him.

2. ATTACHMENT. *Notice to non-resident defendant. Personal judgment. Code 1880,* §§ 1857, 2467.

Without appearance, a judgment in attachment against a non-resident who has been summoned by publication only, cannot bind such defendant personally, or authorize any execution except against the attached property. Code 1880, § 2467. Nor can personal service of summons in such other state, as provided for by § 1857 in lieu of publication, render the judgment a personal one, or authorize a general execution thereon against the defendant.

FROM the circuit court of Jackson county.

HON. S. H. TERRAL, Judge.

The facts are sufficiently stated in the opinion.

67 MISS.—45

Section 1857, code 1880, the effect of which is discussed in the briefs and in the opinion, is as follows :—

" If such summons shall be served on such absent party by delivery to him, or if a corporation, to some officer or agent thereof, of a copy thereof, at least ten days before the return day, and if proof of such service shall be made, by filing in the office of the clerk, who issued it, such summons, with the acknowledgment of said defendant, endorsed or annexed to it, that such summons was served on him (or the like acknowledgment by an officer or agent of such corporation made defendant), and proved to be subscribed by such defendant (or officer or agent of the corporation), by the affidavit of some one annexed thereto, or shown to have been served, by one who delivered such copy, or knows of such delivery, and shall make affidavit of such delivery before some officer in the state or county where such service was made authorized to administer oaths, or before any such officer in this state, who shall certify such affidavit of service, which shall be filed among the papers in said proceedings with such summons, or proved in open court, by parol or other testimony, to have been duly served on such defendant, and recited in a decree of said court to have been so proved, that shall be in lieu of a publication of such summons, and shall authorize further proceedings against such defendant, as if he had been duly summoned in this state."

By § 2438 it is provided that publication of notice for non-resident defendants in attachment shall not be necessary if notice is served in the manner provided for in the section just quoted, but the proof of service of such notice is made as effectual as if the defendant had been served with a summons.

*T. W. Brame,* for appellant.

This suit was based upon the provisions of § 2438, code 1880, in connection with § 1857, the chancery court law to which it refers. These statutes have been fully complied with. But it is contended that the personal judgment is void. If this court adopts the view of the majority of the judges of the supreme court of the United States, as expressed in *Pennoyer* v. *Neff*, 95 U. S. 714, this appellant must fail.

But this judgment was not rendered upon publication only. The defendants were personally served in accordance with § 1857. This conforms to the requirement of personal service, it being the intention of the legislature that a non-resident defendant shall have actual notice and his day in court. I refer the court to the able dissenting opinion in the above cited case.

*C. H. Wood*, for appellee.

The personal service of a non-resident under § 1857 is in lieu of publication, and can have no greater efficacy. To sustain a personal judgment there must be either appearance or personal service of process made *within* the territorial limits of the state where suit is brought. Rorer on Inter-State Law, 22 ; *Pennoyer* v. *Neff*, 95 U. S. 714 ; *Tabler, Crudup & Co.* v. *Mitchell*, 62 Miss. 437 ; Cooley Con. Lim., 151, 499.

Attachment· is strictly a proceeding *in rem* and, without personal service, only the property levied upon can be subjected under the judgment. *Ridley* v. *Ridley*, 24 Miss. 648 ; *Bias* v. *Vance*, 32 Ib. 198 ; *Chew* v. *Randolph*, Walker, 1 ; *Edwards* v. *Toomer*, 14 S. & M. 75.

WOODS, C. J., delivered the opinion of the court.

This was ejectment brought by appellant against appellee. The appellant had, prior to the ejectment suit, sued out an attachment against Danner, McMillon and Robertson, who were all non-residents of this state. The attachment writ was levied on certain lands of defendants, but not on the lands embraced in the ejectment suit. Notice was given the non-resident defendants as prescribed in sections 1857 and 2438, code of 1880. The defendants making no appearance in the attachment proceedings, a personal judgment was taken against all of them for the amount of Cudabac's demand, and a special judgment was likewise entered condemning the lands levied upon to be sold to satisfy the debt due. The lands levied upon were accordingly sold, but the proceeds of this sale failing to satisfy the judgment, Cudabac had writs of *fieri facias* subsequently issued, which were levied upon this land and the same was sold,

Cudabac becoming the purchaser thereof at such sale, and receiving the sheriff's deed thereto.

The consideration of this deed, and of the general judgment upon which it rests, opens the field of the controversy. The questions are : Did the court, in the attachment suits, acquire jurisdiction of the persons of the non-resident defendants so as to authorize the rendition of a personal judgment against them? And was the general judgment, rendered against them upon notice only as prescribed in sections 1857 and 2438 of the code, a valid judgment?

It might be sufficient to say that section 2467 seems to have been overlooked entirely by counsel, and that this section, when brought to light, itself effectually disposes of the contention. This section distinctly declares that, in attachment suits, in this state, " if the defendant shall not appear and plead to the action, in pursuance of the notice, on proof of publication thereof" (or on proof of actual notice served as provided in sections 1857 and 2438), " the court shall give judgment against him by default, and award a writ of inquiry, if necessary; but on such judgment by default no execution shall issue, except against the property on which the attachment has been served, etc." And when we recall, in addition, the exposition of said section 2467 made by this court in *Tabler, Crudup & Co.* v. *Mitchell*, 62 Miss. 437, there would seem to be left no ground for appellant's contention. Said Cooper, J., in that case: " The judgment against the defendants, though in form a personal one, will not support an execution against their general estate. Its operation is by the statute expressly limited to the property attached. Code of 1880, § 2467."

The misapprehension of counsel has doubtless arisen from inadvertently confounding the *mere notice* of the pendency of the attachment suit, required to be given the non-resident debtor, with *legal process*, which, when executed, gives the court jurisdiction of the person. It cannot be that the legislature, by substituting the service of actual notice upon the non-resident debtor, in place of the uncertain notice by publication in newspapers, with copies forwarded by mail to the defendant, meant to do more than provide a more sure and effective notice for the non-resident.

Section 2438 in its very terms is a substitution merely of notice actually given the non-resident for the far less satisfactory notice by publication.    While the word *summons* is used in this section in speaking of this substituted notice, and while the word summons is one of the recognized names given to legal process, yet it would do manifest violence to the plain purpose of the statute to hold that this substituted notice, denominated by the statute in general phrase a *summons*, was designed to operate as legal process, and as legal process of such amazing vigor and potency as to have inherent in it extra-territorial force.    To so hold would necessarily involve us in remediless conflict and confusion.

And we are then brought to observe, generally, that process from the courts of this state can have no extra-territorial force; it cannot run into another state and compel persons there residing to respond in person and submit themselves to our tribunals.    International law and comity between sovereign states forbid.    As was said by Mr. Justice Field in *Pennoyer* v. *Neff*, 95 U. S. 714 : " Process from the tribunals of one state cannot run into another state, and summon parties there domiciled to leave its territory and respond to proceedings against them.    Publication of process or notice within the state where the tribunal sits, cannot create any greater obligation upon the non-resident to appear.    Process sent him out of the state and process published within it, are equally unavailing in proceedings to establish his personal liability."

The grounds upon which courts claim and exercise complete jurisdiction over property of non-residents situated within their territorial limits rest upon wholly distinct foundations, viz., the inherent, indispensable and indisputable power of the local tribunal to deal with all property within the territory within which the tribunal sits, without regard to its ownership.    Jurisdiction over all property, that of non-residents and residents alike, is necessarily vested in the courts of the state within which the property is situated ; but to deal with property of non-residents, the local tribunal need acquire no jurisdiction over the person of the non-resident. The local tribunal may and must pronounce judgment against the property of the non-resident according to the law of its territory,

but it can pronounce no personal judgment against the non-resident debtor until it has acquired jurisdiction of his person. This cannot be done by publication or other notice within the state, nor by notice, in any form, sent to the non-resident debtor out of the state.

But it is useless to enlarge, for these views are generally, not to say universally, maintained in all courts, state and federal.

We are of opinion, therefore, that the judgment of the court below was correct, and the same is accordingly,

*Affirmed.*