# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CT-00613-SCT

*SHAYNA R. NIX*

*v.*

*CARLO C. NIX, III*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/05/1999 |
| TRIAL JUDGE: | HON. THOMAS L. ZEBERT |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM P. FEATHERSTON, JR. |
| ATTORNEY FOR APPELLEE: | CHRISTOPHER A. TABB |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART-07/19/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/9/2001 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Carlo C. and Shayna R. Nix were granted a divorce on the ground of irreconcilable differences. They agreed that they would have joint legal custody and that Shayna would have physical custody of their minor child. Since they were unable to agree on an amount of child support, they submitted that issue to the chancellor for determination, as well as other issues including the payment of Shayna's attorney's fees. Since Carlo is self-employed, the chancellor awarded child support based upon Carlo's income after deducting for depreciation and other business expenses. The chancellor evaluated Carlo's monthly income as defined in Miss. Code Ann. § 43-19-101(3)(2000), found it to be $2,024, and set child support at $285 per month. This was expressly found by the chancellor to be fourteen percent of $2,024 per month or $24,288 per year.

¶2. Shayna takes issue with the deductions and appeals the judgment. The case was assigned to the Court of Appeals, and the judgment of the chancellor was affirmed. *Nix v. Nix*, No. 1999-CA-00613-COA (Miss. Ct. App. Sept. 12, 2000), Shayna filed her petition for writ of certiorari asserting that the Court of Appeals erred in holding that legitimate costs of doing business for a self-employed individual are proper considerations in determining the income available to meet child support obligations, and by concluding that funds legitimately spent in pursuit of self-employed income included depreciation. She also takes issue with the Court of Appeals' finding that her attorney's fees statements were not introduced at trial and that she failed to testify as to her inability to pay her attorneys. We granted certiorari and now conclude that the Court of Appeals correctly affirmed the chancellor's judgment on the question of child support, but because

it appears the chancellor never ruled on the issue of attorney's fees, that issue is remanded for consideration on the existing record now before the Court.

## ANALYSIS

### A.

**WHETHER THE CHANCELLOR COMMITTED MANIFEST ERROR IN THE CALCULATION OF ADJUSTED GROSS INCOME OF THE NON-CUSTODIAL PARENT WHICH WAS THE BASIS OF THE AWARD OF CHILD SUPPORT.**

¶3. Carlo worked as a self-employed plumber. As evidence of his earnings, copies of his 1997 and 1998 income tax returns were introduced. The 1998 return showed that Carlo had a pre-tax adjusted gross income, as defined by federal income tax law, of $34,834 and that he owed $10,544 in federal taxes. Miss. Code Ann.§ 43-19-101(3) which sets out the guidelines for determining child support, also uses the phrase "adjusted gross income" to define a calculation that, as the Court of Appeals correctly recognized, is not the same as "adjusted gross income" as used in federal income tax law. It appears that Carlo's monthly adjusted gross income for child support purposes was calculated by subtracting his tax liability of $10,544 from his adjusted gross income for tax purposes of $34,834 and then dividing the resulting annual figure by twelve.

¶4. Shayna contends that the chancellor's determination of Carlo's adjusted gross income for child support was manifestly in error because of certain business deductions taken by Carlo in calculating his adjusted gross income for tax purposes. The details of the federal tax return show that Carlo deducted as business expenses: (a) depreciation in the amount of $10,979, (b) office expenses of $4,465, and (c) utility costs of $5,382. Shayna urges this Court to conclude that the deductions were not legitimate business expenses, or were at least inappropriate considerations for determining income for child support purposes, and to rule that these items should be added to the adjusted gross income figure reached by the chancellor. The Court of Appeals disagreed with Shayna and affirmed the chancellor's ruling believing that the issue was procedurally barred for failure to raise the question at the trial level. However, the deductions were inquired into in the cross-examination of Carlo and thus were discussed to some extent at the trial level. Although Shayna could have created a better record in bringing this issue to the attention of the chancellor, given the inherent obligation of a chancellor to follow the prescription of the applicable statute, we find that was sufficient to allow this Court to address the issue on the merits. This said, if she contends that any of these deductions were excessive, it remains Shayna's burden to show wherein these deductions were not justified, and she has failed to do so. She did point out that Carlo's business was operated from his home, but did not offer evidence challenging his position that the expenses, as costs of doing business, were illegitimate.

¶5. Shayna describes depreciation as a "fictional expense which does not require any cash outlay." This statement misapprehends the idea and purpose of depreciation, which is a method of spreading the recovery of capital expenditures over the life of the asset acquired. In applying the concept, a taxpayer is not allowed to deduct these expenditures in the year of purchase. Thus, although Carlo may not in a single year deduct the full costs of the assets, he can reasonably be expected over their life to lose their value, thereby being required to make cash outlays for replacement in order to continue in business. In this case, it appears that the annual depreciation for assets is attained by amortizing the assets over many years. While the amount claimed would be, in child support proceedings, subject to evidence showing that the depreciation claimed for tax purposes applied various accelerated standards, such does not appear to be the case here, and Shayna offered no evidence to so indicate. The chancellor, applying equity principles,

may consider these expenditures in determining whether they were legitimate business expenditures in ultimately determining Carlo's available income to meet his child-support obligation.

¶6. Here, the chancellor, after considering the evidence, determined Carlo's income reasonably available for support, deducted taxes due, as allowed under Miss. Code Ann. § 43-19-101(3)(b)(i), and expressly applied the fourteen percent factor as required by Section 43-19-101(1). The chancellor made no express findings justifying deviation from the fourteen percent since he made no deviation. The statute only requires such findings either when there is a deviation or when it is outside the range of adjusted gross income set in Section 43-19-101(4). We find no error and affirm the chancellor's judgment on this issue.

## B.

### WHETHER THE CHANCELLOR ERRED IN FAILING TO AWARD ATTORNEY'S FEES.

¶7. Shayna also argues that the Court of Appeals erred in holding that she was precluded from raising the issue of attorney's fees because she failed to submit actual fee statements into evidence. The primary basis for her argument is the fact that the fee statements were actually introduced by her. The Court of Appeals held that since she did not introduce fee statements, her testimony which only indirectly indicated her inability to pay her own fees was insufficient to allow the chancellor to apply the factors of *McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982). We disagree and hold that there was sufficient evidence for the chancellor to apply the *McKee* factors. The record reflects that, while Shayna was testifying, her attorney offered affidavits and statements from himself and from B. Ruth Johnson who formerly represented Shayna. At that point there was an off-the-record discussion, and the transcript does not show that the statements were admitted. However, Exhibits 5 and 6 are marked indicating that they were admitted into evidence. In addition, Shayna's tax return for 1997 was admitted, and she testified at some length as to her financial position. As the chancellor's findings of fact and conclusions of law and judgment are silent on the issue of attorney's fees, we cannot evaluate whether he considered the issue presented. Accordingly, the case is remanded for a determination based upon the existing record and by applying the factors set out in *McKee v. McKee*, of whether an award of attorney's fees is warranted.

## CONCLUSION

¶8. We find no error by the chancellor in his determination of child support, but he failed to rule on whether Shayna should receive an award of attorney's fees. Therefore, the judgments of the Court of Appeals and the Rankin County Chancery Court are affirmed as to the award of child support but they are reversed as to whether Shayna should receive an award of attorney's fees, and this case is remanded to the Rankin County Chancery Court for further consideration of that issue.

¶9. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART**.

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR. EASLEY, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**