788 So.2d 844 (2001)
Phyllis D. LAIRD, Appellant,
v.
David S. BLACKBURN, Appellee.
No. 1999-CA-02137-COA.
Court of Appeals of Mississippi.
June 19, 2001.
*846 Debra W. Blackwell, Natchez, Attorney for Appellant.
Walter Kevin Colbert, Natchez, Attorney for Appellee.
Before SOUTHWICK, P.J., BRIDGES, and LEE, JJ.
LEE, J., for the Court:
¶ 1. This appeal is from the Chancery Court of Adams County where the court found that David S. Blackburn was not in contempt of the property, child custody and support agreement which was incorporated into the final decree of divorce dissolving the bonds of matrimony between him and the appellant, Phyllis D. Laird, on January 12, 1995. The trial court did, however, award Laird $350 for past due child support, $232.27 for past due medical and dental expenses, $405 for ambulance services, and $1,567 for attorney's fees. The court also required that Blackburn bear the financial responsibility for the purchase of health insurance for their child, Philip. Child support of $50 per week was not modified, however, the court ordered that it was to be paid on a monthly basis in the amount of $216.67. Blackburn was not ordered to reimburse Laird for private school tuition, clothes, school fees and supplies. Whereas prior to the modification Blackburn had claimed Philip as a dependent for tax purposes every year since the divorce, the parties were now ordered to alternate years for claiming the child since Laird was now employed. Laird asserts six issues as the basis of error in her appeal. In essence, the issues assert as error everything that Laird had requested of the chancery court but was not granted. Having thoroughly reviewed the record, we find that child support should be increased and that Blackburn owes $344.67 for back child support, in addition to the amount which had been assessed by the trial court. We therefore reverse as to these issues, remand for a determination of the amount of child support increase, and affirm all other issues.

A Preliminary Issue
¶ 2. We note that the appellee has failed to file a brief in regard to the *847 matter before this Court. Though there is authority that failure to file a brief can be considered as a confession of error, Price v. Price, 430 So.2d 848, 849 (Miss.1983), it is also the case that the lower tribunal may be affirmed in such situations if the reviewing court is convinced, after reviewing the record, that there was no error in the decision. Selman v. Selman, 722 So.2d 547, 551 (¶ 13) (Miss.1998); Varvaris v. City of Pearl, 723 So.2d 1215, 1216 (¶ 4) (Miss.Ct.App.1998). Automatic reversal, therefore, is not necessarily required in the absence of an appellee's brief. Graham v. Graham, 767 So.2d 277, 279-80 (¶ 6) (Miss.Ct.App.2000). We also observe that there is a presumption of correctness that attaches to a lower court's decision, Shelton v. Kindred, 279 So.2d 642, 644 (Miss.1973), as well as our obligation to evaluate the record astutely in cases that have issues regarding children. The failure to follow proper court procedures should not cause harm to children who are unavoidably linked with their parents' dispute. Because we find that such cases demand sensitivity and insight as we seek equity and fairness without compromising established law for the support and care of children, we have elected to review the matter on the merits rather than summarily take the appellee's inaction as a confession of error.

STANDARD OF REVIEW
¶ 3. The standard of review applied by this State in domestic relations matters is limited to that as applied in Stevison v. Woods, 560 So.2d 176, 180 (Miss.1990), that a chancellor's findings will not be disturbed unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied. Bell v. Parker, 563 So.2d 594, 596-97 (Miss.1990). Thus, on appeal, the chancellor's findings of fact, supported by credible evidence and not manifestly wrong, must be respected. Newsom v. Newsom, 557 So.2d 511, 514 (Miss.1990).

FACTS
¶ 4. Blackburn and Laird were married in September, 1984. During the latter part of the marriage Blackburn was employed as the director of the Natchez Opera Festival. Laird was not employed during the marriage. A son, Philip, was born of the marriage in 1986, and the parties were divorced in January 1995 on the grounds of irreconcilable differences. Both Blackburn and Laird lived in Natchez at the time of the divorce but Laird moved to Mobile in April 1998. Philip lived half of the time with each parent prior to having moved to Mobile with Laird. Laird also had a daughter from a prior marriage who lived with her. After the divorce from Blackburn, Laird acquired an aesthetician's license and became so employed. Laird was in the process of a third divorce at the time of this trial on October 19,1999.
¶ 5. The pertinent portions of the child custody and support agreement with regard to this appeal provide for: joint legal and physical custody of the child, with Laird to be the primary custodial parent; Blackburn to have custody up to fifty per cent of the time; consultation and agreement of the parents with each other with respect to the child's education and other matters of similar importance; Blackburn to be financially responsible for the child's necessities of life, including medical and dental bills; Blackburn to be responsible for providing the child with an education through the completion of an undergraduate collegiate degree, all necessary clothing, school supplies and other needs which the parents agree are necessary for the health and well being of the child.

*848 ISSUES
I. WHETHER THE CHANCELLOR ERRED WHEN HE DID NOT AWARD LAIRD $1,274.96 FOR PAST DUE CHILD SUPPORT.
II. WHETHER THE CHANCELLOR ERRED WHEN HE DID NOT AWARD AN INCREASE IN CHILD SUPPORT.
III. WHETHER THE CHANCELLOR ERRED WHEN HE DID NOT AWARD LAIRD EXPENSES SHE INCURRED FOR CLOTHING, SCHOOL FEES AND SUPPLIES FOR THE MINOR CHILD.
IV. WHETHER THE CHANCELLOR ERRED WHEN HE DID NOT AWARD LAIRD REIMBURSEMENT OF $2,500 FOR PRIVATE SCHOOL TUITION.
V. WHETHER THE CHANCELLOR ERRED WHEN HE DID NOT ALLOW LAIRD TO CLAIM THE MINOR CHILD EVERY YEAR AS A DEPENDENT FOR INCOME TAX PURPOSES.
VI. WHETHER THE CHANCELLOR ERRED WHEN HE DID NOT AWARD LAIRD ATTORNEY'S FEES IN THE AMOUNT OF $4,547.

DISCUSSION

I. WHETHER THE CHANCELLOR ERRED WHEN HE DID NOT AWARD LAIRD $1,274.96 FOR PAST DUE CHILD SUPPORT.
¶ 6. Laird was awarded $350 for past due child support as of October 19, 1999, the date of the hearing regarding the subject matter of this appeal. She asserts in her brief that a total of $1,295.96 is due, which is broken down as follows: $728.23 for 1995, $284.59 for 1996, $262.14 for 1997, and $21 for 1998. The trial court found that the amounts which were not paid for 1996 through 1998 and $28.23 of the $728.23 Laird claimed to be due for 1995 were accounted for in the manner described in Blackburn's testimony. Before we review that testimony, we must first comment regarding a practice which existed between the parties during these time periods.
¶ 7. Blackburn testified that he owned a store which sold vitamins at the time of the divorce. Laird purchased vitamins at Blackburn's cost on credit from this store subsequent to the divorce. Blackburn testified that he offset his child support payments by the amount of credit he had extended to Laird for her purchases. The trial court therefore allowed Blackburn credit toward child support payments on this basis for all the amounts that Laird asserted were owed to her as child support except for $700 for 1995, $150 for 1996, and $100 for 1997. Of these remaining amounts, the court required Blackburn to pay Laird $350, or one half of the $700 remaining due for 1995. In accepting Blackburn's testimony regarding these remaining amounts, the court credited Blackburn for having had physical custody of his son for extended periods of time beyond that contemplated in the child custody agreement, at the request of Laird. We thus find that the court gave credit to Blackburn for child support in exchange for vitamins purchased by Laird as well as for Blackburn's having had physical custody of his son for extended periods of time.
¶ 8. In reviewing the credit given to Blackburn for child support payments to Laird in exchange for vitamins taken from his store, we are mindful that the standard of review applied by this state in domestic relations matters does not permit us to disturb a chancellor's findings absent a determination that the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard *849 was applied. Bell, 563 So.2d at 596-97. Child support is awarded to the custodial parent for the benefit and protection of the child. Lawrence v. Lawrence, 574 So.2d 1376, 1381 (Miss.1991); Cumberland v. Cumberland, 564 So.2d 839, 847 (Miss. 1990). Such benefits belong to the child, and the custodial parent has a fiduciary duty to hold them for the use of the child. Id. The obligations vest in the child as they accrue, and no court may thereafter modify or forgive them if they are not paid. Thurman v. Thurman, 559 So.2d 1014, 1016-17 (Miss.1990). Child support money belongs to the child, not to the custodial parent and the custodial parent has no right to the support money independent of the child. Wilson v. Wilson, 464 So.2d 496, 499 (Miss.1985).
¶ 9. Though we take no exception to the lower court's having found that Laird was indebted to Blackburn for the vitamins and other products she acquired from his store, the record is silent regarding pertinent information which would determine whether this debt was subject to offset in the form of credit toward Blackburn's child support payments. The record does not indicate that the vitamins and other products taken from Blackburn's store were for the benefit of the child for whom the child support payments were being made. Though Laird commented that she gave her son vitamins, the record does not indicate that the vitamins taken from Blackburn's store were for the child. Indeed, the record indicates that one product so charged to Laird was used for the purpose of lowering cholesterol. There is nothing in the record to indicate that the child had a use for such a product. Since child support money belongs to the child, not to the custodial parent, the custodial parent has no right to the support money independent of the child. Wilson, 464 So.2d at 499. Otherwise, child support would not be awarded for the benefit and protection of the child. Lawrence, 574 So.2d at 1381. Thus, the fact that Laird was indebted to Blackburn for these purchases does not vest in him the right to offset this indebtedness by reducing the amount of child support by the amount of the indebtedness unless the record is clear that the indebtedness incurred was for the benefit of the child. While we are aware that courts have no way of knowing the manner in which child support payments are used once they are paid to the custodial parent, it remains that in this case, child support in certain amounts remained unpaid. We will not permit the non-custodial parent to treat child support owed to the custodial parent as a general extension of credit, as has been done in the case sub judice.
¶ 10. Reviewing the record, we find that a total of $344.67 was credited to Blackburn's child support payments from 1995 through 1998 for goods taken from his store by Laird. Breaking this down by years shows the amount owed for each year as: $28.23 for 1995; $134.59 for 1996; $160.85 for 1997; and $21 for 1998. We conclude that the chancellor was manifestly wrong in having credited Blackburn's child support payments for this indebtedness incurred by Laird, and therefore reverse as to this issue. Bell, 563 So.2d at 596-97
¶ 11. In addition, the court found it appropriate to credit Blackburn's child support for the extended period that Blackburn had physical custody of his son beyond that period contemplated in the child support agreement. Such credit was applied to Blackburn for one-half, or $350, of the $700 Blackburn withheld in 1995 on this basis, thus requiring him to pay Laird $350 for 1995. Blackburn was also given credit for $150 so withheld in 1996, and $100 in 1997. That Blackburn had such physical custody is supported by the record. *850 In Alexander v. Alexander, 494 So.2d 365, 368 (Miss.1986), the court held that a non-custodial parent effectively discharges his child support obligations by directly supporting the child. That is, he is entitled to credit for the amount of support directly given to the child when the custodial parent sues for any arrearage. We thus find no error in the amounts so credited.

II. WHETHER THE CHANCELLOR ERRED WHEN HE DID NOT AWARD AN INCREASE IN CHILD SUPPORT.
¶ 12. The lower court held that child support was not to be modified as long as it was consistent with the statutory guidelines found in section 43-19-101 of Mississippi Code Annotated (1972). The guidelines state that child support for one child be calculated at fourteen percent of the adjusted gross income. MISS.CODE ANN. § 43-19-101(1) (Rev.2000). The chancellor considered Blackburn's adjusted gross income to be $1,238 per month and calculated fourteen percent of that figure as $173 per month. The court intentionally awarded more than the $173 amount calculated using the guidelines because it took into account the child's increased needs that are typically accompanied with his age. Because of this consideration, the chancellor stated that the amount calculated using the guidelines would be the minimum child support to be paid and affirmed child support at $50 per week, or $216.67 per month.
¶ 13. However, a look at the record shows that Blackburn's adjusted gross income should not have been calculated for these purposes as $1,238 per month. The correct figure for adjusted gross income should have been $1,953.79. Blackburn had subtracted $716 of general monthly expenses from his gross monthly income of $2,600, along with the legitimate deduction of $646.21 for legally mandated monthly deductions in arriving at the $1,238 figure. The subtraction of general monthly expenses is clearly not permitted by the guidelines in the calculation of the figure to be used as the adjusted gross income. The relevant portions of the statute regarding the calculation of the adjusted gross income, section 43-19-101(3) of the Mississippi Code, are thus enumerated:
(3) The amount of "adjusted gross income" as that term is used in subsection (1) of this section shall be calculated as follows:
(a) Determine gross income from all potential sources that may reasonably be expected to be available to the absent parent....
(b) Subtract the following legally mandated deductions:
(i) Federal, state and local taxes. Contributions to the payment of taxes over and beyond the actual liability for the taxable year shall not be considered a mandatory deduction;
(ii) Social security contributions;
(iii) Retirement and disability contributions except any voluntary retirement and disability contributions;
MISS.CODE ANN. § 43-19-101(3) (Rev.2000). There is no provision in the statute for the deduction of general monthly expenses. Therefore, compliance with the guidelines mandates that child support should have been calculated without the $716 deduction for monthly expenses. Adjusted monthly income should have been calculated as such:

gross monthly income $2,600.00
less federal, state taxes and social
 security 646.21
 _________
adjusted monthly gross income 1,953.79

Fourteen percent of $1,953.79 is $263.53. The chancellor stated that the minimum amount of child support should *851 be that calculated using the guidelines. Though we are aware that the guidelines "do not control per se the amount of an award of child support," Clausel v. Clausel, 714 So.2d 265, 267 (Miss.1998), the chancellor is granted discretion over the matter and his determination will not be reversed unless he is manifestly wrong in his findings of fact or has abused his discretion. Clark v. Clark, 754 So.2d 450, 458-59 (Miss.1999). We reverse only to the degree that there has been error, and a determination that the child support awarded by the chancellor should have been based on an adjusted gross income of $1,953.79 rather than $1,238 per month. While recognizing that the chancellor intended to award as a minimal amount of child support that calculated using the guidelines as a basis, we reverse and remand in order to give the chancellor the opportunity to resolve the question of whether a greater amount than this minimum is needed, given his concerns regarding the child's increased needs that are typically accompanied with his age.

III. WHETHER THE CHANCELLOR ERRED WHEN HE DID NOT AWARD LAIRD EXPENSES SHE INCURRED FOR CLOTHING, SCHOOL FEES AND SUPPLIES FOR THE MINOR CHILD.
¶ 14. Laird sought reimbursement from Blackburn for $900.93 in clothing expenses she had incurred on behalf of the child, $469.80 in school supplies and fees, and for $349.84 for school pictures and a bicycle, all of which the chancellor denied. In regard to the expenses for clothing, the record is replete with testimony from Laird as well as Blackburn that Blackburn purchased numerous items of clothing for the child. However, Laird testified that she was required to purchase clothing as well because the child would not pack all of his clothing upon leaving his father's house to go to her house. Blackburn testified that Philip also came to his house with no clothes. Testimony was also given that Blackburn had paid more that the $469.80 in school fees and supplies for which Laird requests reimbursement. We are reminded that the child support agreement requires as a prerequisite the parties' consultation and agreement with regard to matters of education and other matters of similar importance. Both parties admitted that such communication between them was lacking. We sympathize with Laird and her dilemma. Nevertheless, because the problems she asserts are curable with proper communication between the parents, which is required by the agreement, this Court is not willing to grant the relief Laird now requests. In addition, the record indicates that many expenses were duplicated in providing for Philip. For example, each parent had purchased a bicycle for Philip for his use while at that parent's house. We do not construe the agreement to require that Blackburn be responsible for such duplicate expenses. Given the circumstances, we do not find that the chancellor's findings of fact were manifestly wrong. Because his findings are supported by credible evidence and are not manifestly wrong, they must be respected. Newsom, 557 So.2d at 514.

IV. WHETHER THE CHANCELLOR ERRED WHEN HE DID NOT AWARD LAIRD REIMBURSEMENT OF $2,500 FOR PRIVATE SCHOOL TUITION.
¶ 15. The parties lived in Natchez when they divorced in January 1995. Laird testified that she moved to Mobile in late April 1998. According to Blackburn, Laird never told him that she was moving. He testified that Laird asked him to keep Philip and Laird's daughter from a prior marriage during April and May of 1998, and that he was not aware that Laird had *852 moved to Mobile until the children left his house in early June to be with Laird. Likewise, Laird made a unilateral decision to enroll Philip in a private school in Mobile. Blackburn stated that he was not aware that Philip was enrolled in a private school until he received the bill for the tuition. The chancellor stated in his opinion that the child support agreement did not specifically require payment of private school tuition and that he was constrained by the law from imposing upon Blackburn that which the agreement did not require. The child support agreement requires as a prerequisite the parties' consultation and agreement with regard to matters of education. The chancellor was correct in his admonishment to the parties that such communication between them was not a mere courtesy, but a legal requirement for the well-being of their child. Laird finds no solace from this Court for the consequences resulting from a lack of communication which is required by the child support agreement. A decision by Laird to enroll the child in private school in the future must be made in consultation and agreement with Blackburn in order to fall within the child support agreement. The record shows that Blackburn paid $1,500 for tutoring for Philip through the Sylvan Institute in 1998. That, however, unlike the private school tuition which Laird seeks, was paid pursuant to an agreement made prior to his enrollment with Sylvan. Because the chancellor's findings are supported by credible evidence and are not manifestly wrong, they will not be reversed. Newsom, 557 So.2d at 514.

V. WHETHER THE CHANCELLOR ERRED WHEN HE DID NOT ALLOW LAIRD TO CLAIM THE MINOR CHILD EVERY YEAR AS A DEPENDENT FOR INCOME TAX PURPOSES.
¶ 16. The child custody and support agreement gave Blackburn the right to claim the minor child as a dependant for income tax purposes in the filing of his tax return. Laird was not employed at the time of the divorce. The chancellor modified the agreement to provide that the parents alternate claiming the child as an exemption since both parties were employed at the time of the modification. Laird claims she should be allowed to claim the exemption every year.
¶ 17. Louk v. Louk, 761 So.2d 878, 884 (Miss.2000), enumerates factors which may be considered in determining who should be awarded such tax exemptions. These include the non-economic but valuable contributions made by the custodial parent. Other factors which have been considered are: (1) the value of the exemption at the marginal tax rate of each parent; (2) the income of each parent; (3) the age of the child and how long the exemption will be available; (4) the percentage of the cost of supporting the child borne by each parent; and (5) the financial burden assumed by each parent under the property settlement in the case. Though the record does not show that the chancellor specifically considered these factors, such consideration has been advised, even though it has been recognized that many cases do not involve incomes significant enough to justify this type of analysis Id. This may be such a case. Nevertheless, the chancellor did take into consideration that Laird was now employed and that she had custody of the child more than fifty per cent of the time. The record indicates that there was not a great discrepancy in the parents' incomes and the chancellor was well aware of the child support agreement. We cannot say that the chancellor abused his discretion in modifying the child support agreement to allow Laird to claim the child as a dependent for tax purposes on alternating years. Finding no error, we affirm the chancellor *853 as to this issue. Newsom, 557 So.2d at 514.

VI. WHETHER THE CHANCELLOR ERRED WHEN HE DID NOT AWARD LAIRD ATTORNEY'S FEES IN THE AMOUNT OF $4,547.
¶ 18. Laird was awarded $1,567 of $4,547 in attorney's fees and alleges error in not having been awarded the full amount. This Court notes that both litigants have prevailed on some issues and failed in their proof of others. The record shows that Laird's income is listed as $2,075 per month as opposed to Blackburn's, which is listed as $2,600. Laird's includes $200 per month child support but Blackburn's does not deduct for child support. Taking a $300 deduction from Blackburn for child support would bring his income down to $2,300 per month. An addition of $100 to Laird would raise her monthly income to $2,175. Though Laird is the primary custodial parent, Blackburn's income is a mere $125 more than Laird's, and he bears financial responsibility for the child beyond child support payments pursuant to the child support agreement. The Mississippi Supreme Court addressed the awarding of attorney's fees in Creekmore v. Creekmore, 651 So.2d 513, 520 (Miss.1995), where it stated that a chancellor's decision regarding attorney fees will not be disturbed on appeal unless the chancellor abused his discretion or is manifestly wrong. The record supports a finding that the court took both parties' finances into account and that a payment of $1,567 attorney's fees is not an abuse of discretion. Finding no such abuse or error, we affirm as to the amount of attorney's fees awarded.
¶ 19. THE JUDGMENT OF THE ADAMS COUNTY CHANCERY COURT AWARDING ATTORNEY'S FEES IS AFFIRMED; DETERMINING THE CLAIM OF MINOR CHILD FOR TAX PURPOSES IS AFFIRMED; AWARDING LAIRD OF TOTAL JUDGMENT OF $582.27 IS AFFIRMED; AWARDING LAIRD $344.67 FOR BACK CHILD SUPPORT IS REVERSED AND RENDERED; INCREASING AMOUNT OF CHILD SUPPORT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED ONE HALF TO THE APPELLANT AND ONE HALF TO THE APPELLEE.
MCMILLIN, C.J., KING AND SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, MYERS AND CHANDLER, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT A SEPARATE WRITTEN OPINION.