CARLTON, J.,
Dissenting.
¶ 28. I respectfully dissent with respect to the chancellor’s determination of the award of child support. The record in this case does not substantially support the amount of child support awarded when viewed in light of Mississippi Code Annotated section 48 — 19—101(3) (a) — (b) (Rev. 2009).
¶ 29. I note that the majority affirms the chancellor’s child support award, finding that the chancellor possesses the discretion to award child support, and that award should not be reversed unless the chancellor’s findings of fact were manifestly wrong, or the chancellor manifestly abused her discretion. Suber v. Suber, 936 So.2d 945, 948(¶ 6) (Miss.Ct.App.2006) (citing Chesney v. Chesney, 910 So.2d 1057, 1060(¶ 5) (Miss.2005)). However, I find that the chancellor abused her discretion in failing to comply with section 43-19-101 with respect to determining William Shur-den Owen’s adjusted gross income for child support purposes. Here, the chancellor did not consider the self-employment income Shurden received from his farming operation, and she calculated the amount of child support to be awarded based upon Shurden’s trust income alone.
¶ 30. The record reflects that the family paid personal expenses out of the farming account; therefore, this case reflects a potential co-mingling of business assets and expenses with personal assets and expenses. This Court recognizes that “[generally, self-employment income amounts to gross income less ordinary and reasonable expenses incurred in producing the income.” Faerber v. Faerber, 13 So.3d 853, 864-65(¶ 43) (Miss.Ct.App.2009). In this case, the chancellor failed to conduct such an analysis with respect to Shurden’s self-employment farming income. I would, therefore, reverse the child support award and remand the case to the chancellor for a determination of Shurden’s adjusted gross income in accordance with section 43-19-101(3).
*394 ¶ 31. Family household or living expenses are not authorized deductions in calculating net earnings or gross income for self-employment income. Laird v. Blackburn, 788 So.2d 844, 850(¶ 13) (Miss.Ct.App.2001). Additionally, Professor Deborah H. Bell notes that “the court may look to business income and expenses reported on the payor’s tax return as probative, but is not bound by the tax return designations.” Encyclopedia of Mississippi Law § 28:19 (Jeffery Jackson and Mary Miller ed.2001), See Nix v. Nix, 790 So.2d 198, 200(¶ 5) (Miss.2001).
¶ 32. I concur with the majority that the chancellor is granted discretion in determining the award of child support, but I assert that the chancellor must apply the analysis this Court followed in Laird. I, therefore, respectfully dissent. I would reverse the chancellor’s judgment due to the degree that error occurred in the calculation of Shurden’s adjusted gross income, and remand this case to give the chancellor the opportunity to calculate the adjusted gross income in accordance with section 43-19-101(3) in order to determine the proper child support award.