# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01203-COA

KEVIN B. McCALL                                                                APPELLANT

v.

CYNTHIA C. McCALL                                                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/26/2017 |
| TRIAL JUDGE: | HON. DEBBRA K. HALFORD |
| COURT FROM WHICH APPEALED: | WALTHALL COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | CHAD KENNETH KING<br>MATTHEW THOMPSON |
| ATTORNEYS FOR APPELLEE: | MARK R. HOLMES<br>ALTON LAMAR WATTS |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| TRIAL COURT DISPOSITION: | AFFIRMED: 01/29/2019 |
| DISPOSITION: | |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRIFFIS, C.J., FOR THE COURT:**

¶1.    In 2014, Cynthia and Kevin McCall were divorced on the ground of irreconcilable differences.  Their property-settlement agreement required Kevin to pay $3,500 per month in child support and required Kevin to make an additional lump-sum child-support payment of $100,000.

¶2.    In October 2016, Kevin filed for modification of his child-support obligation.  The chancellor determined that Kevin was in arrears on his child-support obligation in the sum of $198,205.82.  Cynthia responded to the motion and filed a counterclaim, asking the court

to find Kevin in contempt for his failure to pay his child-support obligation. The chancellor denied the modification and found Kevin in contempt of court. The chancellor entered a judgment that increased Kevin's monthly obligation by $1,000 and awarded Cynthia attorney's fees. It is from this judgment that Kevin now appeals.

FACTS AND PROCEDURAL HISTORY

¶3. Kevin and Cynthia McCall were married for thirteen years. They had two children born of the marriage.

¶4. In April 2014, the McCalls were granted a divorce on the ground of irreconcilable differences. The McCalls agreed upon, and the chancellor accepted, a property-settlement agreement that was signed by both parties.[1] In the agreement, Kevin and Cynthia agreed that Cynthia would have full legal and physical custody of the children. The agreement also provided that Kevin would pay child support in monthly payments of $3,500 and a lump-sum payment of $100,000, due on May 15, 2014.

¶5. On June 11, 2014, Cynthia filed a Petition for Citation for Criminal and Civil Contempt. In the petition, Cynthia alleged, among other claims, that Kevin McCall had failed to pay the lump sum child support payment of $100,000 by May 15, 2014, as agreed.

¶6. On August 6, 2014, Kevin filed a Response to Petition for Citation for Contempt and Counter-Petition for Modification of Judgment of Divorce and/or Relief from Judgment

---

[1] Just before he signed the property-settlement agreement, Kevin was incarcerated for failure to complete discovery. Kevin was released to attend the contempt hearing. Kevin stated that he would like to sign the property-settlement agreement to finalize the divorce. Kevin stated that he was not pressured to sign the agreement to get out of jail. In this action, Kevin does not challenge that he lacked capacity to sign the agreement or that his signature was not his voluntary act.

under Mississippi Rule of Civil Procedure 60(b). The chancellor entered an order, dated November 7, 2014, that denied Kevin's Petition for Relief from Judgment under Mississippi Rule of Civil Procedure 60 (b). Kevin did not file a timely appeal.

¶7. In April 2015, Kevin and Cynthia were before the court on a contempt motion. In an agreed order, Kevin was cited for contempt. Kevin agreed that he was in arrears on monthly child-support payments in the sum of $21,955 and the $100,000 lump-sum payment.

¶8. In March 2016, Kevin filed a motion for modification of his child-support obligation. He argued that he lost ownership of a sawmill[2] he owned in Texas as the basis for his material change of circumstances. The chancellor denied the motion and found Kevin in contempt of court. Kevin now appeals this judgment.

## STANDARD OF REVIEW

¶9. In *Evans v. Evans*, 994 So. 2d 765, 768 (¶9) (Miss. 2008), the Mississippi Supreme Court held that "[d]omestic-relations matters are reviewed under the limited substantial-evidence/manifest-error rule. A chancellor's findings will not be disturbed 'unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.'" (Citations omitted).

## ANALYSIS

¶10. The review of a chancellor's decision on the modification of child support begins with several general statements of applicable law. In *Evans*, the court ruled that:

> There can be no modification of a child support decree absent a substantial and material change in the circumstances of one of the interested parties arising

---

[2] During their marriage, Kevin owned a sawmill in Mississippi.

subsequent to the entry of the decree sought to be modified. The change must occur as a result of after-arising circumstances of the parties, not reasonably anticipated at the time of the agreement. Some of the factors which may be considered in determining whether a material change has taken place include:

> (1) increased needs caused by advanced age and maturity of the children; (2) increase in expenses; (3) inflation; (4) the relative financial condition and earning capacity of the parties; (5) the health and special needs of the child, both physical and psychological; (6) the health and special medical needs of the parents, both physical and psychological; (7) the necessary living expenses of the non-custodial parent; (8) the estimated amount of income taxes the respective parties must pay on their incomes; (9) the free use of a residence, furnishings, and automobile; and (10) such other facts and circumstances that bear on the support subject shown by the evidence.

*Id.* at 770 (¶16) (citations and internal quotation mark omitted). Also, in *Laird v. Blackburn*, 788 So. 2d 844, 849 (¶8) (Miss. Ct. App. 2001), this Court held:

> Child support is awarded to the custodial parent for the benefit and protection of the child. Such benefits belong to the child, and the custodial parent has a fiduciary duty to hold them for the use of the child. The obligations vest in the child as they accrue, and no court may thereafter modify or forgive them if they are not paid. Child support money belongs to the child, not to the custodial parent[,] and the custodial parent has no right to the support money independent of the child.

(Citations omitted).

¶11.    Kevin's first issue has two parts. Both challenge the 2014 final judgment of divorce. The first part concerns whether the chancellor erred in 2014 by the failure to approve child support consistent with the statutory guidelines, Miss. Code Ann. § 43-19-101(1), and failure to make the required findings, Miss. Code Ann. § 43-19-101(2). The second part of this issue concerns whether the chancellor erred in the award of lump-sum child support.

¶12.    The second issue is whether the chancellor erred in the decision to deny Kevin's

4

motion for modification of his child-support obligations.

> 1.  *Whether the chancellor erred in denying a modification because the 2014 judgment violated Mississippi Code Annotated section 43-19-101 or awarded lump-sum child support.*

¶13.   Kevin did not appeal the 2014 divorce.  Instead, he uses the motion for modification of child support to challenge the validity of the 2014 final judgment of divorce.  Kevin argues that the chancellor erred in 2014 when the parties' property-settlement agreement was approved and incorporated in the final judgment of divorce.

¶14.   The Mississippi Supreme Court has held that "[a] final judgment on the merits of an action precludes the parties . . . from relitigating claims that were or could have been raised in that action." *Walton v. Bourgeois*, 512 So. 2d 698, 700 (Miss. 1987).  "A final judgment has been defined by this Court as a judgment adjudicating the merits of the controversy [that] settles all the issues as to all the parties." *Sanford v. Bd. of Supervisors*, 421 So. 2d 488, 490-91 (Miss. 1982).  "[A]n order is considered final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *LaFontaine v. Holliday*, 110 So. 3d 785, 787 (¶8) (Miss. 2013).

¶15.   Here, the 2014 judgment of divorce was a final judgment.  Because there was no appeal, Kevin's attack on the 2014 final judgment is barred by res judicata.  "Res judicata bars all issues that might have been (or could have been) raised and decided in the initial suit, plus all issues that were actually decided in the first cause of action." *Little v. V & G Welding Supply Inc.*, 704 So. 2d 1336, 1337 (¶8) (Miss. 1997).  It may not be litigated again under the guise of a motion for modification.

5

¶16. In addition, Kevin filed a motion for relief from the judgment under Mississippi Rule of Civil Procedure 60(b). In *Entergy Miss. Inc. v. Richardson*, 134 So. 3d 287, 291 (¶10) (Miss. 2014), the supreme court held:

> Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances, and that neither ignorance nor carelessness on the part of an attorney will provide grounds for relief. Rule 60(b) is not an escape hatch for litigants who have procedural opportunities afforded under other rules and who without cause failed to pursue those procedural remedies. Rule 60(b)(6)'s "catch-all" provision does not grant trial judges blanket discretion to reinstate cases. This Court has held that for a party to be granted relief under Rule 60(b)(6), he must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case. Rule 60(b) motions should be denied where they are merely an attempt to relitigate the case.

The chancellor denied Kevin's motion for relief from the judgment, on these same grounds, by order, dated November 7, 2014. Kevin did not file a timely appeal.

¶17. As a result, we have determined that Kevin's attempt to relitigate the 2014 final judgment of divorce is barred by the doctrine of res judicata and is not properly before the Court. Thus, it is not necessary for this Court to consider the question of whether the chancellor erred in 2014 by the failure to approve child support consistent with the statutory guidelines, Miss. Code Ann. § 43-19-101(1), and failure to make the required findings, Miss. Code Ann. § 43-19-101(2). The dissent simply determines that the 2014 judgment may be relitigated or challenged even though there was no timely appeal of the 2014 judgment and no timely appeal of the denial of the motion for relief from the judgment under Rule 60.

¶18. Nevertheless, the Court has determined it is appropriate to address the challenge to the lump-sum child-support award.

6

¶19.   Mississippi law is clear that "that child support should *never* be awarded in lump sum."[3] *Pittman v. Pittman*, 909 So. 2d 148, 152-53 (Miss. Ct. App. 2005) (emphasis added). Two of Mississippi's distinguished law professors, who have written a book on domestic-relations law, agree that lump-sum child support is not proper.  Mississippi College School of Law Professor Shelton Hand discusses the issue in his treatise.  N. Shelton Hand, *Miss. Divorce, Alimony and Child Custody*, § 11 (6th ed. 2003); *see also* Matthew Thompson, *Miss. Divorce, Alimony and Child Custody*, § 15:10 n.1 (2018) ("Essentially, there is no such thing as lump sum child support.")  Likewise, University of Mississippi School of Law Dean and Professor Deborah Bell stated that "child support should not be awarded in lump sum form." Deborah H. Bell, *Bell on Mississippi Family Law*, § 113.10[5], at 460 (2d ed. 2011). Thus, if the award of lump-sum child support were properly before this Court for review, we would hold that it is not a proper award of child support.  The dissent appears to agree with this conclusion.

¶20.   However, the issue of whether a chancellor has awarded lump-sum child support is not before this Court.  Instead, this Court recognizes that "property settlement agreements are contractual obligations." *In re Estate of Hodges*, 807 So. 2d 438, 442 (¶20) (Miss. 2002). The provisions of a property-settlement agreement executed prior to the dissolution of marriage must be interpreted by courts as any other contract.  *Id.* at 445 (¶26).  In *East v. East*, 493 So. 2d 927, 931-32 (Miss. 1986), the supreme court held that "[a] true and genuine property settlement agreement is no different from any other contract, and the mere fact that

---

[3] It is important to note that, in *Pittman*, this Court reviewed the chancellor's decision to *award* lump-sum child support.  This issue was properly before this Court.  Here, it is not.

it is between a divorcing husband and wife, and incorporated in a divorce decree, does not change its character."[4]

¶21. Although this Court does not authorize the award of lump sum child support, we recognize that circumstances may arise between divorcing parties, such as here, where the divorcing parties may determine that there is a just and a reasonable basis for a non-custodial parent to agree to pay the custodial parent a lump sum amount to satisfy child support obligations.

¶22. This Court finds no merit to this issue.

> 2. *Whether the chancellor erred in the decision to deny Kevin's motion for modification of his child-support obligations.*

¶23. Next, Kevin argues that the chancellor erred in the decision to deny Kevin's motion for modification of his child support obligations.

¶24. First, we consider whether the chancellor had the ability to modify the $100,000 lump sum child support award. In *Laird* 788 So. 2d at 849 (¶8), this Court held:

> Child support is awarded to the custodial parent for the benefit and protection of the child. Such benefits belong to the child, and the custodial parent has a fiduciary duty to hold them for the use of the child. *The obligations vest in the child as they accrue, and no court may thereafter modify or forgive them if they are not paid.* Child support money belongs to the child, not to the custodial parent and the custodial parent has no right to the support money independent of the child.

---

[4] Unlike *Pittman*, here we do not consider whether Kevin had the power or the authority to agree to pay his wife $100,000 for the benefit of his children. Kevin agreed to the payment, the chancellor approved it in the 2014 judgment, it was not paid in a timely manner, and there was and is no proper challenge to this award. Likewise, it is not for this Court to consider or determine Kevin's reason to agree to the lump-sum payment. As a businessman, Kevin may have determined that the volatile nature of his business made such payment necessary for the protection and benefit of his children.

(Emphasis added & citations omitted). Because the $100,000 lump-sum child-support award had vested, we find that the chancellor did not have the authority to "modify or forgive them if they were not paid." *Id.* Thus, we find no error in the chancellor's decision to deny the motion for modification of the lump-sum child-support payment.

¶25. However, Kevin's request to modify his monthly child-support obligation was properly before the chancellor. He argues that he presented sufficient evidence for the chancellor to reduce his monthly obligation. The supreme court has established that the material change "must also be one that could not have been anticipated by the parties at the time of the original decree." *Tingle v. Tingle*, 573 So. 2d 1389, 1391 (Miss. 1990).

¶26. This Court has addressed the question of enforceability of property settlement agreements that include child-support obligations outside the statutory guidelines. *Seeley v. Stafford*, 840 So. 2d 111, 113-14 (¶¶10-13) (Miss. Ct. App. 2003). First we consider the enforceability of such agreements.

¶27. In *Seeley*, this Court ruled that a chancellor's refusal to modify child-support obligations was valid. *Id.* The facts of *Seeley* are similar to the ones presented here. When Seeley and Stafford divorced, Seeley voluntarily agreed to pay child support that was double the statutory requirement. *Id.* at (¶10). Seeley left his job on his own and, as a result, made less than he did when he originally signed the agreement. *Id.* at (¶12). This Court, however, found that it was not a material change of circumstances that was unforeseeable at the time of the agreement. *Id.* at (¶15). We reasoned that, because the parties agreed to the amount of child support, the statutory limit was not controlling. *Id.* at (¶¶13-17).

9

¶28. Kevin cites *Clausel v. Clausel*, 714 So. 2d 265 (Miss. 1998), to argue that the court failed to apply the factors necessary for a determination of child support outside of the statute. The key difference is that the decision of the trial court in *Clausel* came after a contested hearing. *Seeley v. Stafford*, 840 So. 2d 111, 113 (¶14) (Miss. Ct. App. 2003) (citing *Clausel v. Clausel*, 714 So. 2d 265 (¶1) (Miss. 1998)). Like in *Seeley*, this Court is not presented with a contested hearing, but instead a signed agreed order entered by both parties. *Id*. at (¶14). The trial court was not required to produce any additional evidence for why the court deviated from the statutory guidelines because Kevin had agreed to the original amount of child support. Here, the agreement as to the monthly amount of child support was enforceable.

¶29. Next, Kevin challenges the chancellor's decision to deny his request to modify the monthly child support obligation. In the 2014 agreement, Kevin agreed and was ordered to pay $3,500 in child support each month. Unfortunately, the only payments Kevin made were the result of contempt proceedings and Kevin's incarceration.

¶30. Kevin told the chancellor that he was unable to pay his ordered child support after he lost the Texas sawmill in March 2016. While normally this Court would see the loss of a substantial income as a material change of circumstance, Kevin was delinquent on his payments for child support long before 2016. The chancellor noted that:

> Virtually all of the payments that [Cynthia] has received for the support of the family since the inception of the case have been forced, involuntary payments withheld from [Kevin's] accounts or earnings; paid by him to avoid incarceration; paid to secure a release from incarceration, or paid to prevent adverse administrative actions against him by the State of Texas.

We agree. Kevin has only paid his support obligations when he has been threatened by another contempt action. Had Kevin wished to contest his original agreement, he should have done so at the time the divorce decree was entered. *See id.* at 114 (¶15). He has been delinquent in his payments since before he lost the sawmill; therefore his argument for modification was properly denied.

¶31. **AFFIRMED.**

**BARNES AND CARLTON, P.JJ., WILSON, GREENLEE, TINDELL, McDONALD AND LAWRENCE, JJ., CONCUR. McCARTY, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY WESTBROOKS, J.**

**McCARTY, J., DISSENTING:**

¶32. Because the property-settlement agreement contracted for a banned form of lump-sum child support, I believe we cannot approve it. Contracts cannot be upheld when they are void against public policy. Furthermore, the record was clear that Kevin had suffered a material change of circumstances warranting a modification of child support. Thus, I respectfully dissent.

¶33. "While a chancellor's decisions in a divorce action are reviewed for manifest error, a property settlement agreement is a contract, and contract interpretation is a question of law, which is reviewed de novo." *McFarland v. McFarland*, 105 So. 3d 1111, 1118 (¶21) (Miss. 2013).

¶34. Our Court has previously ruled "that child support should never be awarded in lump sum." *Pittman v. Pittman*, 909 So. 2d 148, 153 (¶11) (Miss. Ct. App. 2005). Even fourteen years ago, we declared that "[w]e know of no authority permitting an initial lump sum award

of child support," and even the party benefitting from it in that case could not cite any. *Id*. Every major treatise that addresses lump-sum child support has likewise concluded it is banned in our courts. *See* Matthew Thompson, *Miss. Divorce, Alimony and Child Custody*, § 10:14 n. 20 (2018); Debbie Bell, *Miss. Family Law*, § 13.10[5] (2d ed. 2010); N. Shelton Hand Jr., *Miss. Divorce, Alimony and Child Custody*, § 10:9 (6th ed. 2003).

¶35. By their very nature, lump-sum child-support payments preempt the prerogative of the Legislature to set guidelines for child support and modification. As the Supreme Court of Nebraska has pointed out, "child support is at all times subject to change[,] and . . . the Nebraska Legislature had provided for such changes by allowing for modification of child support." *Johnson v. Johnson*, 862 N.W.2d 740, 755 (Neb. 2015). To allow lump-sum child support means the modification law is eroded. *Id*.[5]

¶36. Under that sound reasoning, "[i]t is improper under the law to make a final, definite, and positive entry of such a judgment for the support of a minor child, for the amount to be paid must vary with the several needs of the child for food, clothing, and expenses involved in his education, with his necessary medical and surgical requirements, . . ." as well as changes in the financial status of the parents. *Id*. (quoting *Gibson v. Gibson,* 26 N.W.2d 6, 10 (1947)).

¶37. This is why "the law has provided that the monthly payments can be changed from

_____

[5] The *Johnson* Court further noted that "although lump-sum child support awards are not favored under the law in Nebraska, an obligor may receive credit against future obligations for payments already made, including a lump-sum payment already made where such payment does not preclude future child support awards or adjustments." *Id*. at 756. Therefore in that state a lump-sum payment may be acceptable so long as it does not strain against the statutory guidelines of modification.

time to time as the evidence warrants," provided modification is granted. *Id.*; *see also*

*Masnev v. Masnev*, 253 So. 3d 638, 639 (Fla. Dist. Ct. App. 2018) (reversing an award of

lump-sum child support "because no statutory or precedential authority allows for such a

lump sum child support award" and holding that "[i]f the Florida Legislature intended to

permit a lump sum child support award, then perhaps the Legislature would have included

such a provision").

¶38.    Although chancellors have judicial oversight over property-settlement agreements, a

chancellor cannot be forced to approve an agreement that is void because it is against public

policy. As Professor Hand noted, granting lump-sum child support "predetermines the needs

of the child and would insulate the responsible parent from changes in need or other

circumstances that might demand adjustments in the amount of support." Hand, *Miss.*

*Divorce, Alimony and Child Custody* § 10:9 (6th ed. 2003). Consequently, chancery courts

"retain continuous jurisdiction over final decrees providing for alimony, custody of children

and child support, and may modify a former decree when the circumstances and conditions

have changed after rendition of a former decree." *Campbell v. Campbell*, 357 So. 2d 129,

130 (Miss. 1978). "Further, no decree of alimony or child support is ever truly a final

judgment, but always subject to modification based upon a material change of

circumstances." *Austin v. Austin*, 981 So. 2d 1000, 1005 (¶16) (Miss. Ct. App. 2007).[6]

---

[6] The majority determines that Kevin never appealed the final judgment of divorce or the chancellor's denial of his motion for relief under Rule 60(b), and so his attempt to seek a modification is barred. However, once Kevin's petition for modification of child support was before the court, including a challenge to the validity of the lump-sum child support, it is fit for our review. Our statute anticipates that modification of the original judgment of divorce may be necessary, stating "The court may afterwards, on petition,

13

¶39. Since I also believe that Kevin proved a substantial and material change in circumstances warranting modification, I would reverse and remand for the chancellor to recalculate Kevin's monthly child-support payments. As such, I respectfully dissent.

**WESTBROOKS, J., JOINS THIS OPINION.**

---

change the decree, and make from time to time such new decrees as the case may require."
Miss. Code Ann. § 93-5-23 (Rev. 2018).