MIRIAM SCHNEIDMAN, Plaintiff, *v.* ALEXANDER SCHNEIDMAN, Defendant.

Supreme Court, Special Term, Kings County, October 10, 1946.

*Joseph Gallo* for plaintiff.

*Walter Jeffreys Carlin* for defendant appearing specially.

Nova, J. Plaintiff moves herein for an order, pursuant to section 1170 of the Civil Practice Act, modifying the final decree of divorce entered on November 23, 1934, so as to insert therein a direction for the payment of alimony and counsel fees.

This proceeding was initiated by the service of an order to show cause upon the defendant personally out of the State of New York in accordance with the directions of said order. Defendant appears specially, attacking the jurisdiction of the court on the following grounds: (1) The defendant being a non-resident, although a resident when the original action was commenced, the court has no right to render a judgment in personam and award alimony and counsel fees where service is made upon him outside of the State; (2) the parties having agreed in their separation agreement that the defendant need not support or maintain the plaintiff and the final decree based upon such an agreement being silent as to any award for alimony, the court is foreclosed from taking any action to amend or modify such decree; that by entering into such an agreement the plaintiff waived her rights under section 1170.

Although ordinarily a provision for alimony in a decree of divorce against a nonresident served personally without the State is invalid and not binding upon such a defendant (*Baylies* v. *Baylies,* 196 App. Div. 677), such decree, or the modification of such a decree where the court had jurisdiction of the parties originally, is valid even though the defendant subsequently became a nonresident. The courts have held that under section 1170 of the Civil Practice Act a court is authorized at any time after final judgment to annul, vary or modify such an award; or if *there was no award,* to make one by amendment. The effect of this statute is to write a reservation to that effect into every final judgment. The jurisdiction of the court over the parties and over the incidental subject matter is prolonged and to that extent the action is deemed pending (*Fox* v. *Fox,* 263 N. Y. 68; *Waddey* v. *Waddey,* 290 N. Y. 251; *Hoops* v. *Hoops,* 292 N. Y. 428; *Freund* v. *Burns,* 268 App. App. 989). The order to show cause issued pursuant to section 1170 of the Civil Prac-

tice Act directing personal service outside of the State upon the defendant was proper and continued the jurisdiction of the court originally obtained when the action was commenced. Such an application is not a new action or special proceeding but merely a motion in a pending action.

The defendant's second contention is also unsound. The authorities cited by the defendant are inapposite in their facts and clearly distinguishable in law. They are predicated upon final judgments entered prior to 1925. In 1925, section 1170 was amended giving the court the right to modify such final judgments where the decree is silent as to the support of the plaintiff.

It is the general rule that in the absence of fraud or collusion an agreement with respect to support may be adopted by the court in granting permanent alimony if such agreement is just and equitable and will thereafter conclude the parties. Such an agreement will be sustained if the interests of the wife are amply protected. But the court is not bound by the agreement and may disregard it, especially where it is unfair and inequitable or the amount is inadequate. The instant agreement having violated section 51 of the Domestic Relations Law, the plaintiff has a right to institute the present proceeding to modify the final decree to include an award for her support and maintenance. As stated in the case of *Kyff* v. *Kyff* (286 N. Y. 71, 73–74) (the leading authority on this point): " By express prohibition of law a husband and wife may not contract to exempt the husband from his continuing duty of support. Although a husband and wife may in general freely contract with one another as do strangers, under the laws of this state, ' a husband and wife can not contract * * * to relieve the husband from his liability to support his wife.' (Domestic Relations Law [Cons. Laws, ch. 14], § 51.) * * * Nonetheless, where the husband and wife agree upon the *measure* of the support which they deem proper for the benefit of the wife, then the court will not compel the husband to support the wife in a greater sum * * *, unless the amount agreed upon is plainly inadequate." See, also, *Leeds* v. *Leeds*, 265 App. Div. 189, 191.)

The use of section 1170 of the Civil Practice Act as a means of obtaining the instant relief is proper (*Hoops* v. *Hoops*, 292 N. Y. 428, *supra; Hoops* v. *Hoops*, 269 App. Div. 968).

The instant court having jurisdiction of the parties in the subject matter, the question of alimony and counsel fees is left to the court's discretion. The lawyers may fix the date to appear before me for further hearing on the question of modification of decree.