RICE *v.* RICE.

5-172                                        262 S. W. 2d 270

Opinion delivered November 16, 1953.

*Tom Kidd* and *Wootton, Land & Matthews,* for appellant.

*H. A. Tucker* and *John H. Freeman,* for appellee.

GEORGE ROSE SMITH, J. This is the second time that the appellant, Josephine Rice, has brought suit in Arkansas to enforce claims for separate maintenance awarded to her in New York and reduced to judgment there. In 1948 Mrs. Rice was successful in her suit to enforce a New York judgment for installments then delinquent. *Rice* v. *Rice,* 213 Ark. 981, 214 S. W. 2d 235. Later on the New York court, upon constructive service only, increased the amount of the weekly award to Mrs. Rice. She now sues upon two judgments, one representing delinquencies accrued before the increase in the award and the other representing delinquencies at the increased rate. In the court below it was held that the New York court was without jurisdiction to increase the award upon constructive service, and upon that finding the circuit court refused to enforce either judgment.

As stated in our former opinion, Mrs. Rice obtained in 1940, at a time when both parties were residents of New York, a decree for separate maintenance and an allowance of $10 a week. This amount was raised to $15 a week in 1943, while the court still had personal jurisdiction over the husband.

Rice moved to Arkansas in 1945, and, although this is not shown by the record, we are told in both briefs that in 1946 he obtained a divorce in Arkansas upon constructive service of process. His failure thereafter to make payments for Mrs. Rice's maintenance led to the earlier case. After that decision Rice again fell behind in his payments, and on October 26, 1951, the New York Supreme Court, after the service of constructive notice upon Rice, entered judgment against him in the sum of $1,179.02, representing past-due installments at $15 a week, interest, and an attorney's fee. It was clearly error for the trial court to refuse to enforce this judgment, for the cause of action is controlled in all respects by our previous opinion.

A more difficult question is presented by Mrs. Rice's attempt to enforce the other New York judgment. In 1951 she petitioned the New York Supreme Court, wherein the case was pending, to increase her weekly allowance from $15 to $100. Constructive notice was again served upon Rice in Arkansas, and he concedes in his testimony that he had actual notice of the request for a greater allowance. He made no defense to the petition, however, and on August 4, 1951, the court entered a decree raising the award to $100. Rice still made no payments. On January 8, 1952, again upon constructive service, the New York court reduced the delinquent installments, with interest, to judgment in the sum of $2,320.22, this being the second judgment sued upon.

Under the Constitution of the United States this judgment is entitled to full faith and credit. The New York court had personal jurisdiction over the appellee when the separate maintenance suit was filed, and it lay within New York's power to retain that jurisdiction throughout the case, even though the defendant became a nonresident. As the court said in the leading case of *Michigan Trust Co.* v. *Ferry,* 228 U. S. 346, 33 S. Ct. 550, 552, 57 L. Ed. 867; "Ordinarily jurisdiction over a person is based on the power of the sovereign to seize that person and imprison him to await the sovereign's pleasure. But when that power exists and is asserted by service at the beginning of a cause, or if the party submits to the jurisdiction in whatever form may be required, we dispense with the necessity of maintaining the physical power and attribute the same force to the judgment or decree whether the party remain within the jurisdiction or not. This is one of the decencies of civilization that no one would dispute. It applies to Article IV, § 1, of the Constitution, so that if a judicial proceeding is begun with jurisdiction over the person of the party concerned it is within the power of a State to bind him by every subsequent order in the cause." To the same effect, upon facts more like those in the case at bar, is *Laing* v. *Rigney,* 160 U. S. 531, 16 S. Ct. 366, 40 L. Ed. 525.

Thus it cannot be doubted that New York had under the federal constitution the power to retain its jurisdiction over this appellee even after his removal to Arkansas. By the statutes of New York that jurisdiction was in fact retained. Section 1170 of the Civil Practice Act (Laws of New York, 1948, Ch. 212, § 5) provides that in actions for separate maintenance the court may at any time after final judgment annul, vary, or modify its maintenance order. The effect of this statute is to write a reservation into every judgment for maintenance, *Fox v. Fox*, 263 N. Y. 68, 188 N. E. 160; *Waddey v. Waddey*, 290 N. Y. 251, 49 N. E. 2d 8; and the continuing power over the defendant may be exercised even though he has left the State and is served by constructive process only. *Schneidman v. Schneidman*, 188 Misc. 765, 65 N. Y. S. 2d 876. This procedure is by no means novel to us, since we too uphold the assertion of such continuing jurisdiction upon constructive notice only. *Schley v. Dodge*, 206 Ark. 1151, 178 S. W. 2d 851; *Seaton v. Seaton*, 221 Ark. 778, 255 S. W. 2d 954.

Having retained control of the case, the Supreme Court of New York had full authority to increase Mrs. Rice's maintenance award, despite the appellee's non-residence. In New York, as here, a husband's duty to support his wife may continue after separation or divorce, and under New York law the reserved power to modify the order includes the authority to make an award by amendment even though no allowance was made in the original decree. *Fox v. Fox, supra.* Nor does it matter that Rice obtained a divorce in Arkansas upon constructive service. That decree may be entitled to full faith and credit in New York to the extent of dissolving the marriage; but it cannot, for want of personal service, affect Mrs. Rice's pecuniary right to support under the law of New York. *Estin v. Estin*, 334 U. S. 541, 68 S. Ct. 1213, 92 L. Ed. 1561, cited and discussed in our earlier opinion.

Reversed.