357 So.2d 129 (1978)
John W. CAMPBELL
v.
Paula Dodd CAMPBELL (Stanley).
No. 49874.
Supreme Court of Mississippi.
April 5, 1978.
Johnston & Adams, Jerry T. Johnston, Brandon, for appellant.
William R. Barnett, Paul G. Alexander, Jackson, for appellee.
En banc.
SUGG, Justice, for the Court:
This case involves a petition for modification of a divorce decree filed by the appellee, Paula Dodd Campbell, against the appellant, John Campbell. The final divorce decree was rendered June 20, 1972 by the Chancery Court of the First Judicial District of Hinds County, and granted appellee a divorce and custody of the children of the parties together with $225 per month as child support. When the original divorce decree was rendered, both parties were domiciled in the State of Mississippi and process was served on appellant personally.
*130 On May 5, 1976 appellee filed her petition to modify the 1972 decree, and sought an increase in the amount of the child support payments. In 1976 both parties were nonresidents of Mississippi: the appellee's domicile was in Louisiana and the appellant's domicile was in Iowa. Pursuant to Mississippi Code Annotated section 13-3-19 (1972) service of process was by publication. Proof of publication appeared in the record and appellant admitted actual knowledge that the petition was filed.
Appellant chose not to defend the petition because he was not personally served with process in Mississippi. On July 21, 1976 appellant filed a petition to set aside the decree modifying the 1972 decree on the ground, among others, that the court did not obtain jurisdiction to enter an in personam decree against him based on publication of process. Appellant's petition was dismissed and on appeal assigns one error as follows:
1. The lower court erred in holding that publication of process on a non-resident defendant authorized the court to enter an in personam decree against said non-resident defendant.
It is well settled, and admitted by both parties on this appeal, that process by publication on a defendant in an original divorce action does not authorize rendition of a personal decree against such defendant which requires him to do or perform any act personally. Johnson v. Johnson, 191 So.2d 840 (Miss. 1966); Larson v. Larson, 82 Miss. 116, 33 So. 717 (1903); Cudabac v. Strong, 67 Miss. 705, 7 So. 543 (1890).
It is equally well settled that chancery courts may modify final decrees concerning such matters as alimony, custody of children and child support. The authority to modify a decree is authorized by statute and exists independently of statute by virtue of the inherent power of the chancery court. Section 93-5-23 Mississippi Code Annotated (1972); Wansley v. Schmidt, 186 So.2d 462 (Miss. 1966).
Cases interpreting section 93-5-23 hold that chancery courts retain continuous jurisdiction over final decrees providing for alimony, custody of children and child support, and may modify a former decree when the circumstances and conditions have changed after rendition of a former decree. Crum v. Upchurch, 232 Miss. 74, 98 So.2d 117 (1957); Gresham v. Gresham, 198 Miss. 43, 21 So.2d 414 (1945) and Williams v. Williams, 127 Miss. 627, 90 So. 330 (1921).
It was stated in Lee v. Lee, 182 Miss. 684, 181 So. 912 (1938) that, under the statute, no alimony decree is ever a final judgment and is always open to change. Lee was quoted with approval in East v. Collins, 194 Miss. 281, 12 So.2d 133 (1943). However, it should be noted that a change in a decree, which is a modification of, or addition to, such decree, is limited to the subject matter decided by the former decree. Schneider v. Schneider, 155 Miss. 621, 125 So. 91 (1929).
In the case at bar the final decree contains provisions relating to the support of the children; therefore, the court had authority under its "continuing jurisdiction" to change the decree with respect to child support.
The issue thus presented is: Whether a chancery court may, on a petition to modify a decree for child support, increase the amount of the support against a defendant on process by publication, when the defendant was personally served with process in the original proceeding?
We have not addressed this specific issue. In Gordon v. Gordon, 196 Miss. 476, 17 So.2d 191 (1944) this Court stated:
The authorities are in general accord that when in substantial or major aspects a decree of custody is to be made or modified a proper notice and opportunity to be heard must be given to the adverse party. 17 Am.Jur. pp. 519, 520; 27 C.J.S. Divorce § 317, p. 1193, and see the cases annotated in 76 A.L.R. at p. 253, and particularly Gitsch v. Wight, 61 Utah 175, 211 P. 705. We are not here concerned as to how the notice may be served, or whether such a notice or citation or summons may be served on a party in the armed services. *131 It is sufficient here that none whatever was attempted. (196 Miss. at 484, 17 So.2d at 193).
In Logan v. Rankin, 230 Miss. 749, 94 So.2d 330 (1957) we set aside a decree modifying a former decree for want of legal process upon the mother to whom the custody of the children had been awarded and who had moved to Texas after the original decree was entered. In that case we held that a letter delivered to the attorney for the non-resident mother under the provisions of section 11-49-11 Mississippi Code Annotated (1972) did not constitute valid process, and a decree based thereon was void.
Examination of other authorities and decisions from other states reveal that the great weight of authority supports the conclusion that where a proceeding for modification of a personal decree of alimony or child support in a matrimonial action is permissible as a mere continuation of the original proceeding in which the award was rendered, as against a party who has since become a non-resident and over whom the court had personal jurisdiction in the original proceeding, the court's power to modify the award may be exercised upon reasonable notice, including constructive notice, other than personal service of process within the court's jurisdiction. According to 24 Am.Jur.2d Divorce and Separation, § 852, pp. 966, 967 (1966):
A proceeding to modify or terminate an order for child support is not an independent proceeding but is supplementary to, or a continuation of, the original divorce action. Thus, an application to increase payments for the support of a child should be made by a motion filed in the original divorce action.
It is not necessary to serve process upon the father within the jurisdiction of the court in order to modify a decree for child support, where the proceeding for modification is a mere continuation of the divorce action; the court may proceed after reasonable notice is given, even though the father is a nonresident. Of course, the father is entitled to notice of an application to increase payments, and the mother, if she has custody of the child, is entitled to notice of an application to reduce or terminate payments. The manner in which a party is to be notified is governed in some jurisdictions by statute; but in the absence of such a statute any reasonable notice is sufficient.
In Rice v. Rice, 222 Ark. 639, 262 S.W.2d 270 (1953) the issue before the Arkansas Supreme Court was whether a New York court had personal jurisdiction to modify a separate maintenance judgment, rendered in New York, upon constructive service. The appellant in that case, Josephine Rice, brought suit in Arkansas where her husband then resided, to enforce a separate maintenance award in New York. The court stated:
Under the Constitution of the United States this judgment is entitled to full faith and credit. The New York court had personal jurisdiction over the appellee when the separate maintenance suit was filed, and it lay within New York's power to retain that jurisdiction throughout the case, even though the defendant became a non-resident. As the court said in the leading case of Michigan Trust Co. v. Ferry, 228 U.S. 346, 33 S.Ct. 550, 552, 57 L.Ed. 867: "Ordinarily jurisdiction over a person is based on the power of the sovereign asserting it to seize that person and imprison him to await the sovereign's pleasure. But when that power exists and is asserted by service at the beginning of a cause, or if the party submits to the jurisdiction in whatever form may be required, we dispense with the necessity of maintaining the physical power, and attribute the same force to the judgment or decree whether the party remain within the jurisdiction or not. This is one of the decencies of civilization that no one would dispute. It applies to article 4, § 1, of the Constitution, so that if a judicial proceeding is begun with jurisdiction over the person of the party concerned, it is within the power of a state to bind him by every subsequent order in the cause." To the same effect, *132 upon facts more like those in the case at bar, is Laing v. Rigney, 160 U.S. 531, 16 S.Ct. 366, 40 L.Ed. 525.
Thus it cannot be doubted that New York had under the federal constitution the power to retain its jurisdiction over this appellee even after his removal to Arkansas. By the statutes of New York that jurisdiction was in fact retained. Section 1170 of the Civil Practice Act, Laws of New York, 1948, Ch. 212, § 5, provides that in actions for separate maintenance the court may at any time after final judgment annul, vary, or modify its maintenance order. The effect of this statute is to write a reservation into every judgment for maintenance, Fox v. Fox, 263 N.Y. 68, 188 N.E. 160; Waddey v. Waddey, 290 N.Y. 251, 49 N.E.2d 8; and the continuing power over the defendant may be exercised even though he has left the State and is served by constructive process only. Schneidman v. Schneidman, 188 Misc. 765, 65 N.Y.S.2d 876. This procedure is by no means novel to us, since we too uphold the assertion of such continuing jurisdiction upon constructive notice only. Schley v. Dodge, 206 Ark. 1151, 178 S.W.2d 851; Seaton v. Seaton, Ark., 255 S.W.2d 954. (262 S.W.2d at 271, 272).
We are of the opinion that the Chancery Court of the First Judicial District of Hinds County retained its personal jurisdiction over the appellant, even after his removal to Iowa, and the decree of 1972 could be modified on process by publication. Notice by publication, in lieu of personal service of process, is reasonable, when the requirements of section 13-3-19 Mississippi Code Annotated (1972) are met. See also, 62 A.L.R.2d 544 at 546. Restatement (second) of Conflicts of Laws, § 26, Comment a. Illustration # 1, pp. 114, 115 (1971), Sheffield v. Sheffield, 207 Va. 288, 148 S.E.2d 771 (1966).
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.