453 So.2d 684 (1984)
Thomas Peyton EDWARDS, Jr.
v.
Linda F.W. JAMES.
No. 54953.
Supreme Court of Mississippi.
July 18, 1984.
L.J. McKinney, Jr., Wallace & Dean, Columbus, for appellant.
L. Marshall Goodwin, Jordan & Woolbright, Columbus, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
The Family Court of Spartanburg, South Carolina, entered a consent decree on December 13, 1972, divorcing Thomas Peyton Edwards and Linda F.W. James (Edwards) and fixing support for a minor child of the parties at $50.00 per month to be paid by Edwards. Subsequently, on March 16, 1982, Linda James filed a petition for modification of the decree in the Chancery Court of Lowndes County, averring that Thomas Edwards was able to pay $350.00 per month support for the child and that there had been a material change in circumstances surrounding the child and the parties. Edwards filed a handwritten pro *685 se answer to the petition for modification, setting out his inability to pay additional support.
The docket setting for the April 1982 Term of the Lowndes County Chancery Court occurred on Monday, April 12, 1982, at which setting James did not appear to request a trial setting. The record is not clear whether Edwards was present for the docket call.
On April 19, 1982, the lower court issued a fiat setting 1:30 p.m., April 29, 1982, for hearing the modification petition and a petition to cite for contempt.[1] On that date, viz., April 29, 1982, the court proceeded with hearing the modification petition in the absence of Edwards, increased the child support payments to $175.00 per month, and awarded $200.00 for James' attorney's fees.
On July 1, 1982, Edwards filed a petition to set aside the April 29, 1982, order modifying the original decree and increasing child support, and, on September 23, 1982, James filed a petition to cite Edwards for contempt because of his failure to make the $175.00 support payments. An agreed order was entered setting December 16, 1982, for hearing the contempt citation and the petition to set aside the decree. Edwards filed an answer on November 16, 1982, setting out as an affirmative defense that the order of April 29, 1982,[2] was entered without notice to him and that he was denied due process of law when the hearing proceeded in his absence. The petition to set aside the April 29, 1982, order was overruled and Edwards has appealed to this Court with supersedeas.
Edwards assigns as error that he was not given notice of the April 29, 1982, modification hearing and, therefore, was not afforded an opportunity to appear and present his defense. James does not deny that Edwards failed to receive notice of the hearing. We address only that question.
The Mississippi Rules of Civil Procedure pertinent to the question follow:
Rule 40(b)
(b) Notice. The clerk shall, at least twenty days prior to the date cases will be set for trial, notify all attorneys of record of the time and date the trial calendar will be set. After setting, the clerk forthwith, and in no event more than three days after an action has been placed on the trial docket, shall notify all attorneys of record of trial settings by mailing a copy of the docket of the court.
Rule 81(d)
(d) Domestic Relations. Complaints, petitions, or motions for temporary relief pending a divorce or separation action, for modification of custody, support, and alimony judgments, and for enforcement of such judgments by contempt proceedings or otherwise, shall be governed by the provisions of these rules as to motions.
Rule 6(d)
(d) Time: Motions. A written motion, other than one which may be heard ex parte, and notice of the hearing thereof, shall be served not later than five days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in Rule 59(c), opposing affidavits may be served not later than one day before the hearing, unless the court permits them to be served at some other time.
James cites Campbell v. Campbell, 357 So.2d 129 (Miss. 1978), and takes the position that the divorce was originally granted by a South Carolina court; that the parties were not under the jurisdiction of the Mississippi court upon filing the petition; and that Rule 6(d) does not apply. *686 In Campbell, a Mississippi chancery court granted a divorce, together with support payments, and the respondent subsequently moved to the State of Iowa. Upon filing the modification petition in the Mississippi court, publication was made for the respondent in Iowa. We held that jurisdiction of the Mississippi court is a continuing jurisdiction and publication was sufficient notice. In the case sub judice, the record is uncontradicted that Edwards had no notice of the special setting on the petition to modify the decree. Campbell is not applicable. James commences this action by filing her bill to modify. Rule 81(d) requires that the procedural aspects of the case be governed by the provisions of the Civil Rules relating to motions. One of those provisions is Rule 6(d) which placed upon James and her attorney the obligation to serve upon Edwards notice of the April 29, 1982, hearing not later than five (5) days before April 29, 1982. James did not do this and the record does not indicate that any of the notice rules were complied with.
James also argues that all the information pertinent to Edwards' defense was contained in his handwritten answer and the outcome would have been the same. This argument is not well taken. Even though the result might have been the same, Edwards, and every other defendant or respondent, has the right to notice in a court proceeding involving him, and to be present, and to introduce evidence at the hearing. That valuable right was denied Edwards and requires that the April 29, 1982, decree of the lower court modifying the original South Carolina decree be vacated, and the case be remanded for a new trial on its merits.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.
PRATHER, J., not participating.
NOTES
[1] The order referred only to the petition for contempt and not to the modification petition.
[2] Also the fiat dated April 19, 1982, setting the hearing for April 29, 1982.