981 So.2d 1000 (2007)
Patricia Ann Jackson AUSTIN, Appellant
v.
John Thomas AUSTIN, Appellee.
No. 2006-CA-00766-COA.
Court of Appeals of Mississippi.
October 23, 2007.
Rehearing Denied February 19, 2008.
*1002 Thomas T. Buchanan, Laurel, Marcus Douglas Evans, attorneys for appellant.
David M. Ratcliff, Laurel, attorney for appellee.
Before KING, C.J., CHANDLER and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. This case comes before the Court from the April 3, 2006, order of the Chancery Court of Wayne County granting the downward modification of the ex-husband's child support and alimony obligations. We find no error and affirm.

FACTS
¶ 2. Patricia Austin and John Austin were married on February 4, 1983. Three children were born into the marriage: Alecia,[1] born on June 14, 1984; Andrew, born on June 20, 1989; and John Allen, born on January 3, 1991. On December 12, 2001, the parties were granted a divorce on the ground of irreconcilable differences. The final decree of divorce was approved and incorporated a child custody and property settlement agreement ("agreement") of the parties. Under the terms of the agreement, Patricia was given physical custody of the three children and John agreed to pay child support in the amount of $1,000 per month before the seventh of each month, $30,400 on March fifteenth of every year, and $15,200 on August fifteenth of every year. As to alimony, John agreed to pay periodic alimony in the amount of $1,000 each month and thirty-five percent of all gross bonuses or other compensation, excluding his monthly draw which, at the time, was approximately $4,400 per month. The final decree of divorce was executed on February 20, 2002, to be effective from and after December 12, 2001.
¶ 3. On February 26, 2003, a hearing was held on several motions. Patricia filed a motion for contempt and a motion for wage withholding order.[2] John filed a petition for modification and complaint for contempt. John requested a modification of custody and child support. He alleged that John Allen preferred to live with him and requested a downward modification of his child support obligations to reflect the proposed custody change.[3] John also alleged that he was unable to pay child support. In support of this contention, John argued that he expected a decrease in income for the tax year 2003, specifically, that he expected a decrease in the bonus he was to receive in March  one month after the hearing. The evidence adduced at the February 2003 hearing showed that John's income at the time of divorce in December 2001 was approximately $299,000. His W-2 form for the year 2002 indicated that his income for that year was approximately $317,000.
¶ 4. On June 6, 2003, the court entered an opinion and order holding John in civil contempt for failure to pay child support. John's petition for modification was denied as the trial court found that his income had increased since the time of divorce and he thus failed to prove an unanticipated material change in circumstances. John's motion for contempt was also denied for reasons not relevant to this appeal.
*1003 ¶ 5. On July 17, 2003, John filed a motion to extend the time for filing his notice of appeal and to reopen pursuant to Rule 60 of the Mississippi Rules of Civil Procedure on the basis of newly discovered evidence. In this motion, John claimed that he discovered on July 9, 2003, that his August bonus for the year 2003 would net him only $2,829  roughly $15,000 less than his August 2002 bonus. The court entered an order sustaining John's motion to reopen and Patricia timely filed a motion to reconsider which was denied. On January 23, 2004, John filed a second petition for modification. In this petition, John claimed that he had been fired from his job on September 29, 2003, and now makes substantially less. He asserted that his firing constituted a material change in circumstances sufficient to justify a downward modification of his financial obligations under the original divorce decree. After a series of postponements, the trial was ultimately held on May 4, 2005.
¶ 6. On April 3, 2006, the trial court entered its opinion and order which, among other things, terminated the periodic alimony in the original decree and replaced it with periodic rehabilitative alimony in the amount of $650 per month for a period of two years from the date of the hearing on May 4, 2005, and reduced child support to $1,370 per month. Patricia timely filed a notice of appeal and seeks relief from the April 3, 2006, order and enforcement of the June 6, 2003, order.

STANDARD OF REVIEW
¶ 7. "In reviewing a decision by a chancellor, this Court will uphold findings of fact as long as the record reflects that they are supported by substantial, credible evidence." Lane v. Lane, 850 So.2d 122, 125(7) (Miss.2002). We will not reverse a chancellor's findings on the issues of alimony and child support unless we first find that the chancellor abused his discretion or was manifestly wrong. Id.

DISCUSSION
¶ 8. Mississippi divorce actions are primarily controlled by the provisions of Mississippi Code Annotated section 93-5-1 (Rev.2004); Crowe v. Crowe, 641 So.2d 1100, 1103-04 (Miss.1994). The Mississippi Rules of Civil Procedure govern to the extent that the divorce statutes are silent or not inconsistent. M.R.C.P. 81(a)(9); see also Rawson v. Buta, 609 So.2d 426, 430 (Miss.1992). Our divorce statutes provide for the modification of support agreements for divorces granted on the ground of irreconcilable differences.
¶ 9. Section 93-5-23 of the Mississippi Code provides:
When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders . . . touching the maintenance and alimony of the wife or the husband, or any allowance to be made to her or him, and shall, if need be, require bond, sureties or other guarantee for the payment of the sum so allowed. . . . The court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require.

Miss.Code Ann. § 93-5-23 (Supp.2006) (emphasis added). Section 93-5-2 provides that in divorces granted on the ground of irreconcilable differences, the parties may execute a written agreement for child custody and maintenance and that such agreement may be incorporated by the court into the judgment which "may be modified as other judgments for divorce." Miss.Code Ann. § 93-5-2(2) (Rev.2004).
¶ 10. In accordance with the above-cited statutes, Mississippi case law holds that *1004 support agreements for divorces granted on the ground of irreconcilable differences are subject to modification based upon a material change in circumstances with one or more of the parties which occurs as a result of after-arising circumstances not reasonably anticipated at the time of the agreement. Varner v. Varner, 666 So.2d 493, 497 (Miss.1995) (citing Thurman v. Thurman, 559 So.2d 1014, 1017 (Miss. 1990)); Taylor v. Taylor, 392 So.2d 1145, 1148-49 (Miss.1981).
I. Procedural Bar
¶ 11. Patricia's argument under this assignment of error is two-fold: (1) that John's July 17, 2003, motion was time-barred, and (2) that the relief provided in the April 3, 2006, order was barred by principles of res judicata. We find neither of these contentions to be meritorious for the reasons explained below.
A. Time Bar
¶ 12. Patricia claims that John's July 17, 2003, motion was filed forty-one days after the June 6, 2003, decree, and thus time-barred under Mississippi Rule of Appellate Procedure 4(a), and Mississippi Rules of Civil Procedure 52(b), 59(b), and 60(b). As to Rule 60(b)(3), the ground on which the motion was made and granted, Patricia claims that John's motion was untimely filed because he did not "formally file his Petition to Modify the Final Decree of June 6, 2003, until January 23, 2004[,]" beyond the six-month time requirement of Rule 60(b).
¶ 13. John argues that the trial court had the authority to modify the original decree under Mississippi Code Annotated sections 93-5-2(2) and 93-5-23 regardless of whether a reopening under Rule 60(b) was proper. John contends that, subsequent to the court's reopening, he was involuntarily terminated from his job and thus a material change in circumstances occurred. He claims that his January 23, 2004, petition for modification presented the after-arising change in circumstances and thus, the chancellor had the authority to consider the issue of modification; therefore, the issue of whether the July 17, 2003, motion was timely is immaterial.
¶ 14. We reject Patricia's assertion that John's July 17, 2003, motion was untimely. Section 93-5-23 provides that a chancellor, on petition of one of the parties to a divorce, may "change the decree, and make from time to time such new decrees as the case may require." As the rules of civil procedure apply only to the extent that our divorce statutes do not, Patricia's strict reliance on our rules of appellate procedure and civil procedure is misplaced. Our divorce statutes do not place a time limit on modification. They require only that the proponent prove a material change in circumstances has occurred since the time of the most recent decree. John filed a petition to modify on January 23, 2004, which alleged a material change in circumstances, i.e., that he had been fired from his job on September 29, 2003, and had since gained new employment at which his income was drastically decreased. Therefore, we find that the trial court acted within its authority in holding the modification proceeding which resulted in the April 3, 2006, order. As the issue of modification was properly before the trial court by virtue of the January 23, 2004, petition to modify, we need not consider whether the July 17, 2003, motion was timely filed or properly granted. This issue is without merit.
B. Res Judicata
¶ 15. Patricia contends that the June 6, 2003, order and the April 3, 2006, order concerns the same subject matter, cause of action, parties, and quality or *1005 character of person against whom the claim was made, and thus the April 3, 2006, order was barred by principles of res judicata. Anderson v. La Vere, 895 So.2d 828, 832-36 (10-19) (Miss.2004). John argues that res judicata does not apply to a petition to modify based on a material change of circumstances arising after the entry of a final divorce decree.
¶ 16. "[C]hancery courts retain continuous jurisdiction over final decrees providing for alimony, custody of children and child support, and may modify a former decree when the circumstances and conditions have changed after rendition of a former decree." Campbell v. Campbell, 357 So.2d 129, 130 (Miss.1978) (citations omitted). Further, no decree of alimony or child support is ever truly a final judgment, but always subject to modification based upon a material change of circumstances. Id. As Professor N. Shelton Hand, Jr. instructs in his excellent treatise on Mississippi domestic relations, "[t]he jurisdiction of the court in modification matters is a continuing process, and the original or most recent decree of the court will continue to be covered by the doctrine of res judicata until there has been a subsequent and material change in circumstances." Hand, Mississippi Divorce, Alimony & Child Custody, § 16-1 (6th ed.2003).
¶ 17. At the time of the final decree, February 20, 2002, John's annual income was $298,943. In 2003, his income reached $322,241. In the June 6, 2003, order, the court denied John's motion for modification, which was based on an alleged inability to pay child support due to an expected decrease in income for the year 2003. Specifically, John asserted that he expected a decrease in the bonus he was to receive in March  one month after the hearing. However, in September of 2003, John was terminated from his position as Vice-President/Manager at North Pacific Lumber Company (North Pacific). He thereafter began employment with Gulf Coast Shelter and, as a result, his salary dramatically decreased to $114,646 for the tax year 2004. This evidence was presented by John in his January 23, 2004, petition for modification. As this change in circumstances occurred after the February 20, 2002, decree, we find that the doctrine of res judicata does not act as a bar to the April 3, 2006, modification. This issue is without merit.
II. Material Change in Circumstances
¶ 18. Patricia next asserts that the chancellor erred in finding a material change of circumstances warranting a reduction in child support and alimony obligations. In this respect, Patricia's argument is substantially similar to her claim that the relief provided in the April 3, 2006, order was barred by res judicata. She claims that, in the June 6, 2003, decree, the court considered the reduction of income and concluded that there was not a material change in circumstances to justify modification of the agreement. She asserts that the court, in the April 3, 2006, order, found to the contrary and that there was no material change between these two orders that could not have been reasonably anticipated at the time of the agreement and, therefore, the lower court applied the wrong standard in the April 3, 2006, order.
¶ 19. Support agreements for divorces granted on the ground of irreconcilable differences are subject to modification, where there has been a material change in circumstances with one or more of parties which occurs as a result of after-arising circumstances not reasonably anticipated at time of agreement. Varner, 666 So.2d at 497; Morris v. Morris, 541 So.2d 1040, 1042 (Miss.1989). As previously discussed, *1006 John was terminated from his position as Vice-President/Manager at North Pacific Lumber Company in September of 2003 whereupon he began employment with Gulf Coast Shelter where his income was roughly one-third of that he earned at North Pacific.[4] The trial court considered the significant reduction in income that John had suffered since the time of divorce and granted the downward modification of child support and alimony in large part based upon this evidence. This modification was also based on Patricia's receipt of support from another man in the form of housing. The record is not clear as to whether Patricia had actually taken up cohabitation with her new male admirer; however, testimony from the May 4, 2005, hearing showed that she was not obligated to pay rent under this new living arrangement. We further note that the parties' agreement, which was incorporated into the divorce decree, was based upon the income John made as Vice-President/Manager at North Pacific Lumber Company. When John was terminated from this job, the parties' agreement could no longer be given its intended effect.[5] We find no error in the trial judges' finding that a material change in circumstances had occurred which warranted a modification of the original divorce decree. This issue is without merit.
III. Retroactive Application of Alimony Modification
¶ 20. Patricia argues that the chancellor erred in ordering the retroactive application of the modification of alimony awarded in the April 3, 2006, order. She claims that, because Rule 60 does not affect the finality of a judgment, the provisions of the original decree were still in effect until the entry of the April 3, 2006, order. To this end, Patricia claims that the retroactive application of the April 3, 2006, order is in direct conflict with the provisions of Rule 60.
¶ 21. In the April 2006 order the chancellor ordered that the modification of alimony be retroactive to the date of the hearing. The order specifically provided that "the periodic alimony awarded by the court in the final decree of divorce should be terminated and it should be replaced with periodic rehabilitative alimony in the amount of $650 per month for a period of two years from the date of the hearing on May 4, 2005."
¶ 22. On these facts, we reject Patricia's claim that Rule 60 precludes the retroactive application of alimony modification. As previously determined, the chancellor had the authority to modify based on John's January 23, 2004, petition irrespective of the earlier Rule 60 motion for relief.
¶ 23. Furthermore, precedent holds that when awarding a downward modification of alimony, a chancellor has the discretionary authority to order the modification retroactive to the date on which the petition to modify was filed. Shearer v. Shearer, 540 So.2d 9, 12 (Miss. 1989) (citing McHann v. McHann, 383 So.2d 823, 826 (Miss.1980)). In the instant case, the petition for modification was filed *1007 on January 23, 2004. A hearing was not held until May 4, 2005, and the order was not entered until April 3, 2006. Under Shearer, the chancellor had the authority to order the downward modification of alimony retroactive to the January 23, 2004, filing of the petition. Logic dictates that the chancellor had the authority to order modification retroactive to a date within the filing of the petition and the entry of the order. Therefore, we find that the chancellor acted within his discretion in ordering modification of alimony retroactive to the May 4, 2005, hearing. This issue is without merit.
¶ 24. THE JUDGMENT OF THE WAYNE COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] Also stated as Alicia, but will be referred to as Alecia for purposes of the opinion.
[2] Patricia's motion for contempt alleged that John failed to pay the entire amount of child support due pursuant to the agreement. Her motion for wage withholding is not relevant to the issues presented in this appeal.
[3] John abandoned his request for a modification of custody after John Allen testified that he did not prefer to live with his father.
[4] Patricia refuses to acknowledge the fact that John was terminated from the job he held at the time of the divorce and of the June 6, 2003, order. Had John not been terminated, it is likely that Patricia would have prevailed on this issue.
[5] At Gulf Coast Shelter, John's income was strictly salary; he no longer received part of his compensation in the form of bonuses. Because the amount John was to pay for child support and alimony under the original agreement was tied to March and August bonuses he received from North Pacific, the original agreement could no longer be complied with.