# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CA-01762-SCT

*MISSISSIPPI SAND SOLUTIONS, LLC*

*v.*

*BESSIE OTIS, SHERRY FISHER, CONNIE*
*FISHER WALKER, DENNIS ROY HOLMES,*
*ROBBIE JEAN HOLMES WARE, GREG FISHER*
*AND MAGGIE FISHER*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/04/2017 |
| TRIAL JUDGE: | HON. JANE R. WEATHERSBY |
| TRIAL COURT ATTORNEYS: | KEVIN EARL GAY |
| | KENNETH B. RECTOR |
| | DANA E. KELLY |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT | KENNETH B. RECTOR |
| ATTORNEY FOR APPELLEES: | KEVIN EARL GAY |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND REMANDED - 08/08/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., MAXWELL AND GRIFFIS, JJ.**

**KING, PRESIDING JUSTICE, FOR THE COURT:**

¶1. A group of heirs (the Fisher heirs) who own what is known as the Fisher Property sued Mississippi Sand Solutions for trespass, and filed an Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction. After the hearing on the emergency motion, the chancery court issued a decree on the merits of the trespass complaint in favor of the Fisher heirs and awarded the Fisher heirs damages and attorneys' fees. Because

Mississippi Sand Solutions did not receive notice that the case was being tried or heard on the merits, this Court reverses the chancery court's decree on the merits and remands for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

¶2.     Mississippi Sand Solutions (MSS) and its predecessors hauled gravel and sand off its property via a private road on property belonging to the Fisher heirs. At some point, any agreement between the parties ended, and MSS sued in chancery court, asking the chancery court to find that it had an easement over the Fisher heirs' property. The chancery court ruled that MSS did not have an easement over the Fisher heirs' property. MSS appealed that decision, and this Court unanimously affirmed the chancery court's ruling that MSS did not have an easement over the Fisher heirs' property. *Miss. Sand Sols. v. Otis*, 248 So. 3d 813 (Miss. 2018). Additionally, settlement negotiations between the parties broke down, and the Fisher heirs demanded that MSS cease and desist traversing their property. The Fisher heirs placed "no trespassing" signs on their property and put up a gate. MSS ignored the signs and tore down the gate. The Fisher heirs reported that MSS was damaging their property by dumping trash and gravel on the property and in waterways on the property. Additionally, the Fisher heirs were cited by the Mississippi Department of Environmental Quality for the dumping and burning of household waste on the Fisher property and were required to clean the site within thirty days. One of the Fisher heirs testified that they had to pay for the clean up.

¶3.     The Fisher heirs sued MSS in the chancery court on August 1, 2017, alleging trespass.

On August 4, 2017, the Fisher heirs filed an Emergency Motion for Temporary Restraining Order and asked that a hearing be set for a final and permanent injunction as soon as possible, pursuant to Mississippi Rule of Civil Procedure 65. On August 9, 2017, the Fisher heirs filed a Notice of Hearing, indicating that the hearing on their Emergency Motion for Temporary Restraining Order and/or for Preliminary Injunction would be held on August 22, 2017. The hearing on the emergency motion began on August 23, 2017. That hearing was continued until October 16, 2017. MSS meanwhile filed its answer to an amended complaint on October 13, 2017.[1] In it, MSS argued that the chancery court lacked subject matter jurisdiction over the claims for trespass and damages. It requested that the chancery court transfer the case to circuit court for a jury trial. At the beginning of the October hearing, the trial court specifically stated that "[t]his is a continuation of the first hearing that we had on Wednesday, August the 23rd . . . ." At the end of the continued hearing, the Fisher heirs' counsel requested damages for trespass and attorneys' fees. Counsel for MSS responded,

> Your Honor, maybe I'm confused, and I have been many times, but my understanding is today that the only thing we're here on is the same thing we were here on two months ago and that's the motion for preliminary injunctive relief in this case. The case on the merits, I assume, will be tried at some other time which would include whatever claim he's trying to make for attorney [sic] fees or damages. . . . [T]o clarify, Your Honor, and, if I'm wrong, we need to get it corrected, but my understanding is that this was set on an emergency basis, as I remember, without notice, basically, and we appeared at that time for that hearing on the request for, I believe, it was called an emergency temporary restraining order and a preliminary injunction. So, counsel's assertion that he's entitled to attorney's fees and damages and all that sort of thing is not before the court.

Both parties then argued the preliminary injunction issue, and the court took it under

---

[1]The Fisher heirs filed an amended complaint on August 24, 2017.

advisement.

¶4.    On November 15, 2017, the Fisher heirs filed a Motion for Trial Setting, asking the chancery court to set a trial and to hold a hearing to determine a trial date and to consider discovery and alternate dispute resolutions.  On December 4, 2017, the chancery court filed its decree, stating that "[t]his cause came to be heard upon Complaint for Trespass, Preliminary Injunction and Damage to Real Property and Response thereto by Mississippi Sand Solutions . . . ." The court stated that it considered "the pleadings, heard and considered the evidence adduced, proffered and submitted, heard and considered the arguments and statements of counsel . . . ."  The chancery court found that the requirements for a preliminary injunction were not met, and then it ruled on the merits of the trespass complaint in favor of the Fisher heirs.  It awarded them damages and attorneys' fees.

¶5.    MSS appeals, arguing that it was deprived of due process, given that the court issued a final ruling on the merits after a hearing on the emergency preliminary injunction without allowing MSS to defend those claims after having an opportunity to engage in discovery. It also argues that jurisdiction lies with the circuit, not the chancery court, that the chancellor erred in awarding $30,500 in trespass damages, and that the chancellor erred in awarding attorneys' fees.

**ANALYSIS**

*1.    Standard of Review*

¶6.    This Court reverses a chancery court on its findings of fact only when they are manifestly wrong, clearly erroneous, or when that court applied an erroneous legal standard.

4

*Tucker v. Prisock*, 791 So. 2d 190, 192 (Miss. 2001). This Court reviews issues of law de novo. *Id.*

### 2. Due Process

¶7. MSS received notice only of the hearing on the emergency motion. No hearing was noticed for a dispositive final judgment on the merits. A motion for judgment on the pleadings, which the Fisher heirs did not make, requires a hearing. Miss. R. Civ. P. 12(d). Likewise, MSS made a motion regarding lack of subject matter jurisdiction, which the trial court was required to hear and did not. *Id.* A motion for summary judgment, which was also not made, likewise requires notice and a hearing. Miss. R. Civ. P. 56(c). A trial setting requires both notice and ample time for discovery. Miss. R. Civ. P. 40.

¶8. Further, the lack of fair notice deprived MSS of the potential opportunity to engage in discovery. Miss. R. Civ. P. 26. MSS received no notice that the complaint was being tried on the merits, and it had no meaningful opportunity to develop and introduce evidence on the merits or on damages. "'Even though the result might be the same . . . every . . . defendant or respondent has the right to notice in a court proceeding involving him, and to be present, and to introduce evidence at the hearing.' Where that valuable right is denied, there must follow a reversal." *Johnson v. Weston Lumber & Bldg. Supply Co.*, 566 So. 2d 466, 468 (Miss. 1990) (quoting *Edwards v. James*, 453 So. 2d 684, 686 (Miss. 1984)). Because MSS received no notice that the case was being heard or tried on the merits, this Court reverses and remands the case.[2]

_____

[2]The record before this Court indicates that MSS was flouting the previous chancery court order, as well as the property rights of the Fisher heirs. Although MSS is entitled to

5

### 3. *Jurisdiction*

¶9. The issue of subject matter jurisdiction was raised before, but not heard by, the chancery court. The chancery court opted to retain jurisdiction in a short statement that it did not want another court to have to rehear all the evidence. It never actually heard the motion, however. Because the arguments and relevant evidence are undeveloped, we decline to rule on this issue. Upon remand, MSS may notice its motion(s) regarding subject matter jurisdiction for hearing, so that the chancery court may determine whether it has subject matter jurisdiction, or whether it should transfer the case to circuit court.

### 4. *Damages and Attorneys' Fees*

¶10. Because the Court reverses the chancery court's decree in full, including its award of damages and attorneys' fees, and remands for proper disposal of the case on the merits, these issues are moot.[3]

### **CONCLUSION**

¶11. MSS did not receive notice that the complaint against it was being heard or tried on the merits. The chancery court disposed of the case on the merits after only a preliminary injunction hearing. MSS has a right to be heard on the merits, and, accordingly, this Court

---

notice and to be heard on the merits, if MSS is still using the Fisher heirs' property without permission, it is also flouting this Court's previous unanimous decision.

[3]The chancery court stated that it "is aware that very little actual damage has been done to the property in question . . . ." However, the Fisher heirs did not have an opportunity to present evidence of damages. Indeed, the testimony indicated that the road had been damaged and that the Fisher heirs had to pay someone to clean up after MSS's alleged dumping. Testimony also indicated that waterways were dumped in and potentially damaged.

6

reverses the chancery court's judgment and remands the case to the chancery court for further proceedings consistent with this opinion.

¶12. **REVERSED AND REMANDED.**

    **RANDOLPH, C.J., KITCHENS, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**