# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00062-COA

PATRICIA BRIM-WRIGHT                                        APPELLANT

v.

ALVIS A. WRIGHT                                                APPELLEE

DATE OF JUDGMENT:              12/10/2018
TRIAL JUDGE:                   HON. JOHN ANDREW HATCHER
COURT FROM WHICH APPEALED:     PONTOTOC COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:        EMILY ROBERTSON SUMRALL
ATTORNEY FOR APPELLEE:         EDWIN HUGHES PRIEST
NATURE OF THE CASE:            CIVIL - DOMESTIC RELATIONS
DISPOSITION:                   REVERSED, VACATED, AND REMANDED
                               - 06/02/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE J. WILSON, P.J., McDONALD AND C. WILSON, JJ.**

**C. WILSON, J., FOR THE COURT:**

¶1.     Alvis A. Wright filed an action for divorce against Patricia Brim-Wright on the ground of habitual cruel and inhuman treatment. The Pontotoc County Chancery Court granted Alvis a divorce based on that ground and then decided the remaining issues of property division and alimony. Patricia now appeals. Because Patricia was not afforded an opportunity to present her case-in-chief, we reverse the chancery court's denial of Patricia's motion for a continuance, vacate the chancery court's judgment of divorce, and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

¶2.    Alvis and Patricia married on October 10, 1998.  On August 22, 2017, Alvis filed a "Complaint for Divorce and Motion for Temporary Relief" in the Lee County Chancery Court.  In the complaint, Alvis sought a divorce from Patricia on the ground of habitual cruel and inhuman treatment or, alternatively, based on irreconcilable differences.  Patricia responded by filing a "MRCP 12(b)(2) Motion to Dismiss or, in the Alternative, Transfer to Pontotoc County County [sic] Chancery Court, Answer to Complaint and Motion, and Counter Claim."  In addition to seeking a transfer of venue to Pontotoc County,[1] Patricia asserted in her answer that Alvis was not entitled to any relief.  She also asserted a counterclaim for divorce against Alvis on the ground of adultery.  The case was transferred to the Pontotoc County Chancery Court, which set the cause for a hearing on the merits on April 23, 2018.

¶3.    On April 16, 2018, Patricia filed a "Motion to Permit Amended Answer."  In her amended answer, Patricia dropped her counterclaim for divorce and instead sought alimony and a division of marital assets "should the court grant [Alvis] a divorce."  The chancery court granted Patricia's motion to amend at the April 23, 2018 hearing.  Thereafter, trial began, and Alvis opened his case-in-chief by calling Patricia as an adverse witness.  Although Alvis's counsel examined Patricia, Patricia's counsel reserved his direct examination of Patricia for Patricia's own case-in-chief.  After Patricia left the stand, Alvis testified and was cross-examined by both Patricia's counsel and the chancellor.  The trial concluded for the day, and the court did not immediately set a date to continue the trial.

---

[1] The parties have a Tupelo address, but they actually reside in Pontotoc County, not Lee County.

¶4.     On November 14, 2018, Alvis filed a "Motion Setting Cause for Hearing," requesting a date on which to resume trial.  The record reflects that Alvis's counsel mailed the motion to Patricia's counsel of record, Stewart Guernsey, who practiced law with Carnelia Fondren (Fondren) and the Fondren Law Firm.  According to the certificate of service, Alvis's counsel separately mailed the motion to Fondren, though Fondren had not entered an appearance on Patricia's behalf.  Patricia did not respond to Alvis's motion.  The chancery court granted Alvis's motion and set a hearing on December 3, 2018.

¶5.     Prior to the hearing, Guernsey allegedly sent a "Motion for Withdrawal and Continuance" to Alvis's counsel.  Guernsey's motion is not in the record, and it is not referenced on the court's docket.  It thus appears that the motion was never filed with the court.  However, Alvis filed a "Response to Motion for Withdrawal of Counsel and Continuance" on December 3, 2018, the same date set by the court for the resumption of trial.

¶6.     Alvis and his counsel appeared for the hearing on December 3, 2018.  Guernsey also appeared.  After a preliminary conference, the chancellor apparently met in chambers with counsel "prior to coming on the record in the courtroom." Guernsey then informed the chancery court on the record that "his license to practice law [had] been suspended due to the fact that he [had] failed to pay his Bar dues and . . . had a diagnosis of dementia." Guernsey represented that he had known since October 1, 2018, that he could no longer practice law. Guernsey also indicated that he had only learned of the December 3, 2018 hearing through a conversation with Fondren.  Neither Fondren nor Patricia was present that day.[2]

---

[2] When the chancery court called the docket, Patricia and Fondren were both called three times and did not appear.

¶7.     The court granted Guernsey's motion for withdrawal but denied the motion for a continuance of the trial. The court overruled Guernsey's attempts to argue further for a continuance because Guernsey was no longer a licensed attorney and the court had granted his motion to withdraw from the case. When Guernsey made several more attempts to interject on Patricia's behalf during the trial proceedings that followed, the court instructed Guernsey to sit and refrain from further participation.

¶8.     The trial thus continued with Alvis's case-in-chief, despite Patricia's absence and lack of counsel. Two witnesses testified in support of Alvis's claim for a divorce on the ground of habitual cruel and inhuman treatment. Thereafter, Alvis rested his case. The chancellor granted Alvis a divorce from Patricia, stating from the bench:

> The [c]ourt finds by clear and convincing evidence . . . that [Alvis] is entitled to and is hereby granted a divorce absolute from [Patricia] on the grounds of habitual cruel and inhuman treatment pursuant to the terms and provisions of [s]ection [93-5-107] . . . and [it has] been sufficiently corroborated.

¶9.     On December 10, 2018, the court entered a final judgment of divorce in which the court specifically found that Patricia had "threatened [Alvis] with a gun" and "falsely accus[ed] [Alvis] of adulterous relationships." The court also found that Patricia's actions caused Alvis "emotional distress to the extent that it created a reasonable apprehension of danger to life, limb, and health, rendering the relationship unsafe" and made the marriage "revolting" to Alvis. The chancellor noted Patricia's absence during the second day of trial, stating that she "was called three times and failed to appear." The court nonetheless found that Patricia's "case was fully presented in the first part of the hearing on April 23, 2018, so that there was no harm to [Patricia's] cause[.]" Finally, the court concluded that Guernsey's

4

continuance motion was "dilatory" and set forth its reasoning as follows:

> [T]he [c]omplaint having been filed over a year prior to the final trial of this case, and after more than reasonable efforts were made to resolve the matter where Honorable C[a]rnelia Fondren could appear but which were unreasonably rejected in behalf of [Patricia] . . . the [c]ourt allowed the matter to proceed on the merits.

¶10. The chancery court then addressed the equitable distribution of marital assets and alimony. The court valued the marital estate at $436,852.19 and, after performing a detailed *Ferguson*[3] analysis, divided the marital estate such that Alvis was awarded 52% of the estate's net valuation, and Patricia was awarded 48% of the value. The court also awarded Patricia lump-sum alimony in the amount of $10,000.00.

¶11. Patricia now appeals, contending that (1) the chancery court's denial of a continuance resulted in a manifest injustice; (2) the court erred in granting Alvis a divorce on the ground of habitual cruel and inhuman treatment; (3) the court's division of the marital estate was erroneous; (4) the court erred in failing to award periodic alimony; and (5) the court erred by failing to award Patricia attorney's fees. Because we find that the chancery court abused its discretion by denying a continuance under the circumstances of this case, we discuss only her first assignment of error, and we vacate the court's judgment of divorce and remand for further proceedings.

## DISCUSSION

¶12. Patricia contends that the chancery court's denial of her motion for a continuance prejudiced her and resulted in manifest injustice. Because she was not permitted to testify

---

[3] *Ferguson v. Ferguson*, 639 So. 2d 921, 928 (Miss. 1994) (enumerating factors for courts to consider "when attempting to effect an equitable division of marital property").

on direct examination or present evidence in support of her claims, or in defense of Alvis's allegations, Patricia asserts that the chancery court failed to consider all of the evidence in this matter before rendering its decision. Based on the record in this case, we agree.

¶13. "The grant or denial of a continuance is within the discretion of the trial court." *Kaiser v. Kaiser*, 281 So. 3d 1136, 1144 (¶33) (Miss. Ct. App. 2019) (quoting *Henderson v. Henderson*, 952 So. 2d 273, 277 (¶7) (Miss. Ct. App. 2006)). "The only time an appellate court will overturn the denial [of] a continuance is when manifest injustice has occurred." *Id*. "Prejudice must result from the denial in order to have that decision reversed." *Id*.; *see Davidson v. Tarpon Whitetail Gas Storage LLC*, 90 So. 3d 691, 700 (¶34) (Miss. Ct. App. 2012) (affirming denial of second continuance motion when trial court "had previously accommodated the [moving parties'] attorney based on his medical condition" by granting first requested continuance). With that standard in mind, we also acknowledge that "[e]very defendant . . . has the right to notice in a court proceeding concerning [her] and to be present and to introduce evidence at [a] hearing." *Weeks v. Weeks*, 556 So. 2d 348, 349 (Miss. 1990) (citing *Edwards v. James*, 453 So. 2d 684 (Miss. 1984)).

¶14. Patricia's counsel's motion to withdraw and for a continuance is not contained in the appellate record, as it was never properly filed with the chancery court. We therefore do not know the grounds in support of a continuance alleged in the motion itself, and there is no record of the in-chambers conference that apparently occurred between the chancellor and counsel before the December 3, 2018 hearing. But the record preserves the exchanges between the chancellor and Guernsey regarding the motion for a continuance made during

6

the December 3, 2018 hearing. At the outset, Guernsey informed the court that "his license to practice law [had] been suspended due to the fact that he [had] failed to pay his Bar dues" and that he "had a diagnosis of dementia," such that he could no longer practice law. He also stated that he had been told about the December 3, 2018 trial setting by Fondren, who was not present and who was not counsel of record for Patricia. The record does not indicate whether Patricia had ever been informed of the trial setting.

¶15. Initially, the court "sustained" Guernsey's motion to withdraw and for a continuance. When Guernsey questioned whether the court's ruling continued the case for thirty days, the chancellor clarified that the motion was "sustained as to the extent you were allowed out of the case. It was not sustained as to the continuance. That was made abundantly clear at the beginning of court today and in the conversations we had prior to coming on the record in the courtroom." Guernsey contested the court's ruling, stating that Patricia "missed the opportunity to cross-examine [witnesses]" and that Alvis's claims "[had not] been corroborated properly" at that point in the trial. Guernsey attempted to argue that the denial of a continuance "simply depriv[ed] [his] ex-client of her right to due process" and "asked that [the court] not rule today until [Patricia] has an opportunity to present her side of the case." However, because Guernsey was no longer a licensed attorney and he had been granted leave to withdraw from the case, the court would not entertain further argument or participation by Guernsey.

¶16. Instead, the court allowed Alvis to proceed ex parte to finish his case-in-chief and then granted him a divorce based on habitual cruel and inhuman treatment. The court found that

7

Guernsey's continuance motion was "dilatory" and stated in its final judgment of divorce that "more than reasonable efforts were made to resolve the matter where Honorable C[a]rnelia Fondren could appear but which were unreasonably rejected in behalf of [Patricia] . . . ." The court also found that Patricia "had earlier testified on all facets and issues with counsel present . . . . [Patricia's] case was fully presented in the first part of the hearing on April 23, 2018, so that there was no harm to [Patricia's] cause" as a result of the court's denial of a continuance.

¶17.    Under the circumstances of this case, we disagree and conclude that the chancery court abused its discretion in denying Patricia's former counsel's request for a continuance. First, there is nothing in the record before us to substantiate either that "more than reasonable efforts were made" to substitute Fondren for Guernsey as Patricia's counsel or that such efforts "were unreasonably rejected in [Patricia's] behalf." Moreover, the court's finding that Patricia's case "was fully presented in the . . . hearing on April 23, 2018, so that there was no harm to [Patricia's] cause," is belied by the record. When she was called as an adverse witness by Alvis on April 23, 2018, Patricia expressly reserved her own direct examination for her case-in-chief, which was never presented. Patricia likewise was unable to cross-examine the witnesses Alvis called during the December 3, 2018 hearing or offer further proof, either in support of her claims for equitable distribution and alimony or in defense of Alvis's allegations of habitual cruel and inhuman treatment. Because her former counsel had lost his law license and been diagnosed with dementia in advance of the December 3, 2018 hearing, it is unclear whether Patricia even knew of either the resumption of trial or her

8

counsel's incapacity to represent her. Because Patricia was effectively deprived of her fundamental right "to present her side of the case," through no apparent fault of her own, the chancery court's denial of a continuance resulted in manifest injustice.

¶18. Accordingly, we reverse the chancery court's denial of the motion for a continuance, vacate the judgment of divorce, including the court's rulings regarding equitable distribution and alimony, and remand for further proceedings.

¶19. **REVERSED, VACATED, AND REMANDED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**